Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of LA MONT PRENTICE, Respondent, for Compensation under the Workmen's Compensation Law, *v*. NEW YORK STATE RAILWAYS, Employer and Self-Insurer, Appellant.

Third Department, December 28, 1917.

Workmen's Compensation Law — method of determining average annual earnings and average weekly wages where claimant has worked seven days a week during year before accident — Workmen's Compensation Law, section 14, construed.

In subdivisions 1 and 2 of section 14 of the Workmen's Compensation Law, providing that in cases included within such subdivisions the average annual earnings shall consist of 300 times the average daily wage or salary, the number 300 was selected because it bears an approximately close relation to the number of working days in the year, Sundays and holidays excluded.

But where an employee has worked seven days a week for substantially the entire year, the method of determining his average earnings indicated in either subdivision 1 or 2 would be an injustice to him, and his claim falls within subdivision 3 which provides for a case where "either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied."

Where the Commission has ascertained that in a case where an employee has worked seven days a week for the entire year, the use of the number 332 instead of 300 effects a fair and reasonable result, the method used is protected by the statute.

APPEAL by the defendant, New York State Railways, from an award of the State Industrial Commission, entered in the office of said Commission on the 15th day of November, 1915.

*Kernan & Kernan* [*Warnick J. Kernan* of counsel], for the appellant.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

*Lynch, Willis & Titus* [*Emerson M. Willis* of counsel], for the claimant, respondent.

COCHRANE, J.:

This appeal involves the proper application of section 14 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41), in a case where the claimant. has worked seven days a week for practically an entire year before the accident. The section provides methods for determining the average annual earnings and the average weekly wages as a basis upon which to compute the compensation. Subdivisions 1 and 2 of the section provide that in cases included within such subdivisions the average annual earnings shall consist of 300 times the average daily wage or salary. The number 300 used in those subdivisions is not an arbitrary selection but was evidently selected because it bears an approximately close relation to the number of working days in a year, Sundays and holidays excluded. Manifestly, where an employee works seven days a week for substantially an entire year, the method of determining his average annual earnings indicated in either subdivision 1 or 2 would be an injustice to him, just as much as it would be an injustice to the employer to apply those subdivisions to a case where the injured employee has worked less than six days a week for a substantial period of time. The claim here falls more appropriately within subdivision 3 of the section which provides for a case where " either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied." The Commission properly determined that this claim falls within subdivision 3. The remaining question is, was a correct method used in applying that subdivision.

The Commission made use of the multiplier 332 instead of 300 as fixed by the first two subdivisions and multiplied the daily wage of the claimant, which was three dollars, by 332 to ascertain his annual earnings, and divided the product

by 52 to ascertain his average weekly wages as provided by subdivision 4 of the section. It appears that the Commission has adopted a rule to use the number 332 in the case of claimants working seven days a week. That number could not properly be arbitrarily selected. But it will be presumed that by examination, observation and investigation the Commission has ascertained, as required by subdivision 3, that " having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality," the number 332 used as it was here accomplishes a result which in the case of claimants working seven days a week " shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident." Subdivision 3 does not concern alone seven-day workers but includes all cases not included in subdivisions 1 and 2, and if with due regard to the requirements of subdivision 3, the Commission has ascertained that the method adopted in this case works out a fair and reasonable result, such method is protected by the statute. Certainly, on the face of it the number 332 is no more favorable to a claimant working seven days a week than the number 300 is to a claimant working six days a week. Furthermore, the exact earnings of the present claimant for the year preceding the accident amounted to $986, which is approximately the amount ascertained by the Commission by multiplying his daily wage of $3 by 332. The appellant does not seem to have, therefore, a substantial grievance.

The award should be affirmed.

Award unanimously affirmed.