## DAME v. FEDERAL MINING & SMELTING CO. et al.

No. 16922—Opinion Filed April 27, 1926.

Rehearing Denied Sept. 21, 1926.

### Master and Servant—Workmen's Compensation—Finding of Fact—Conclusiveness.

Under the rule that the Supreme Court, on review, will not disturb an award of the State Industrial Commission where there is any competent evidence to support the same, the award in the instant case is affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from State Industrial Commission.

Action to review an award of only $6 to claimant, Andy Dame, under the Workmen's Compensation Law, against Federal Mining & Smelting Company and U. S. Fidelity & Guaranty Company, insurance carrier Affirmed.

E. N. Jones, for plaintiff in error.

Rittenhouse & Rittenhouse, and George F. Short, Atty. Gen., for defendants in error.

Opinion by ESTES, C. On the claim of Andy Dame, the State Industrial Commission awarded $18 per week for 60 weeks and two days and to continue during disability, against respondents, Federal Mining & Smelting Company and U. S. Fidelity & Guaranty Company. On application of the latter, the Commission reviewed its order and found that the same did not conform to the facts as shown by the record,

and vacated the same, rendering an award for two days in the sum of $6 as full compensation. Said claimant brings this original proceeding to review said award.

The only assignment of error necessary to be reviewed involves the evidence to support the second order, and overruling the first. While in the course of his employment by respondent mining company, on July 2, 1924, claimant went into the mine where, on the night before, dynamite had been exploded to facilitate the mining, the debris covering the fan and interfering with ventilation. Claimant uncovered the fan to renew proper ventilation and went to his other work. Soon thereafter he became oppressed with the atmosphere and felt as if drunk, at which time his superiors ordered him out of the mine. On reaching the surface, he collapsed and became unconscious. He admits that since that time he has had an active case of tuberculosis. He has been unable since to do manual labor. In the order complained of, the Commission found that the disability of the claimant, beyond one week from the date of the accident, was due to tuberculosis, a disease, and that such disease was not caused, aggravated, or accelerated by the accident.

It is the established, well-known rule in this jurisdiction that the findings and award of the Commission will not be disturbed by this court where there is any competent evidence to support the same. This rule is applicable whether the appeal is by the claimant for compensation, or the employer and insurance carrier. The question then recurs, is there any competent evidence to support this finding?

The Workmen's Compensation Law of this state provides:

"Injury, or personal injury, means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." Laws 1915, c. 246, sec. 3, Subd. 7.

There is evidence tending to show that, about three years theretofore, claimant received an injury which crushed down the sternum and a few ribs; that claimant would have recovered from the gas attack, or bad air, from a few minutes to a few days thereafter; that at that time, claimant was suffering from a quite severe stomach malady; that on July 30, 1924, if not theretofore, claimant had entirely recovered from the effects of the gas, or bad air; that on August 5, 1924, an X-ray examination of the lungs showed points of solidification of the apices of the lungs and other admittedly chronic tubercular conditions; that such conditions could not have arisen since the date of the accident, but had required at least several months for development. This, with other evidence, is ample, under said rule, to support the award of the Commission.

Let the same be affirmed.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts C. J. p. 122 § 127; anno. L. R. A. 1916A, pp. 178, 266; L. R. A. 1917D, 188; 13 A. L. R. 722; 30 A. L. R. 1277; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580.