OKLAHOMA CITY v. ARNOLD et al.

No. 23869.    Sept. 12, 1933.

Rehearing Denied Oct. 10, 1933.

Harlan T. Deupree, Municipal Counselor, and R. P. Hill, Asst. Municipal Counselor, for petitioner.

D. D. Jennings and J. Berry King, Atty. Gen., for respondents.

PER CURIAM. This action was filed within the statutory 30 days by the city of Oklahoma City, a municipal corporation, in which they complain of an award made and entered by the Industrial Commission on the 18th day of June, 1932, in which the claimant, C. P. Arnold, was granted compensation at the rate of $11.73 per week, computed from May 28, 1931, to June 3, 1932, less any sum or sums theretofore paid as compensation, the payment to continue for a total of 500 weeks, as compensation for the total permanent disability suffered by the claimant by reason of industrial blindness in both eyes, and there was a further order for the payment of $117.30 for legal services rendered the claimant.

After the proceedings had been duly begun before the State Industrial Commission, a stipulation was entered into, which is found at page 4 of the record, in which it is agreed that the claimant was injured on the 23rd day of May, 1931, while in the employ of the respondent therein, petitioner herein. There is also in the stipulation a statement as to the plan or scheme indicating that by design of the municipality and agreement of claimant, claimant would work one week then miss a week. And it was further stipulated that the Commission should make such an order without notice to either of the parties as the Commission deemed just. And the city does not contest the right of the said claimant to recover in any event.

Subsequent to this stipulation a temporary order was entered, and finally the order complained of herein dated June 18, 1932, was entered and notice thereof given to the parties in this proceeding.

The petitioner does not contest the right of claimant to recover, nor raise any proposition except that of the Commission in finding that the claimant, C. P. Arnold, was entitled to the amount of $11.73 per week, instead of the minimum $8 per week, and argues at length that, since he was employed by the city of Oklahoma City under a plan then in force by said municipality where under design of said plan claimant would work for one week and then miss a week, his average weekly wage would be one-half the amount of money he drew for working the week that he was employed.

Petitioner claims that this is a matter of law and that the Commission erred in allowing the sum of $11.73 for the time allotted in its order of June 18, 1932, and should have allowed the minimum of $8.

A finding of the State Industrial Commission as to the average weekly wages of an employee for the purpose of making an award is a finding of fact, which will not be disturbed if there was any competent evidence reasonably tending to support it. In re Prentice, 181 App. Div. 144, 168 N. Y. Supp. 55; Southern Surety Co. v. Childer, 87 Okla. 261, 209 P. 927; Ryan v. State Industrial Commission, 128 Okla. 25, 261 P. 181; Dame v. Federal Mining & Smelting Co., 119 Okla. 132, 249 P. 277.

However, the determination of an award based upon such finding of fact as the Commission makes as to the average weekly wage of an employee is a matter of law, and unless the determination of the award is correctly made under the statute relative thereto, this court will modify the award and affirm as so modified. Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491; Skelly Oil Co. v. State Ind. Com., 91 Okla. 194, 216 P. 933. In the case of McAlester Colliery Co. v. State Ind. Com., 85 Okla. 66, 204 P. 630, the court said:

"Under section 10 of the act (Session Laws 1915, chap. 246), the Supreme Court must accept the facts as found by the Commission, but from the facts thus found it may draw its own conclusions of law."

The Commission in applying the law determined that the claimant should be paid $11.73, or 66 2/3 per cent. of the average weekly wage. In this we think they erred. Subdivisions 3 and 4, section 7289, C. O. S. 1921 [O. S. 1931, sec. 13356], provide the method by which the claimant shall be paid:

"3. If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

"4. The average weekly wages of an employee shall be one fifty-second part of his average annual earnings."

Applying the last-quoted subdivision to the facts, if the weekly wages of the claimant be computed for one year, he only works 26 weeks. This is under the plan enforced by the city, and to which plan he consented. Under the facts of the case applied to the above sections of the law, his award should be computed on the percentage of one fifty-second part of his annual earnings, based upon the computation that he would work 26 weeks out of the year at the agreed price of $18.75; or, since that equals less than the minimum of $8 allowed by law, he is entitled to receive $8 per week, and not $11.73 per week.

The award is modified, with directions to the State Industrial Commission to enter an order and award based upon $8 per week for the allotted time, and as so modified the award is affirmed.