## PRODUCERS & REFINERS CORP. et al. v. McDOUGAL et al.

No. 24477. Oct. 24, 1933.

Green & Farmer, for petitioners.

Stuart R. Carter and Harry Campbell, Jr., for respondent Earl McDougal.

CULLISON, V. C. J. This is an original proceeding to review an award of the State Industrial Commission rendered February 1, 1933, in favor of Earl McDougal. Petitioners urge in this court that:

"The State Industrial Commission's order in so far as it fixes the amount of compensation based upon the average weekly wage of claimant is not supported by the evidence and should be corrected in this Honorable Court as a matter of law."

The record discloses that claimant was in the employ of petitioner and had been for considerable time previous to the alleged injury. On October 25, 1932, he received a back injury from which he claimed to have not recovered. A hearing was had by the

Commission, and as a result thereof an award was made favorable to claimant awarding compensation at the rate of $18 per week until otherwise ordered by the court.

Petitioners contend that, under the evidence disclosed by the record in said cause, the award of $18 per week compensation is erroneous. Claimant stated he did not know exactly how many days he worked, but worked five or six days on the average, but further states that the pay roll would show the proper amount. Petitioners showed by their chief clerk that claimant had been in their employ during the year 1932 and had worked part of the time each month up to the date of injury on October 25th. They showed that his average for 1932 was $63.34 per month. That he received $54.16 for the month just preceding the accident. It further appears that petitioners were not working all their men regularly, but were attempting to give the employees a certain amount of work each month, and that the claimant was given a certain amount of work each month during the year 1932, and when working upon stills received 59c an hour, and when doing other work around the refinery received 55c per hour.

Petitioners therefore contend that, since he was not working steady, but was given a proportionate amount of work each month, the first and second paragraphs of section 7289, C. O. S. 1921, would not be applicable to claimant, and the fact that the Commission based their findings thereon was error.

Paragraph 3 of section 7289 provides that if either of the foregoing methods, to wit, as outlined in paragraphs 1 and 2, of arriving at the average earnings of an employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

Paragraph 4, section 7289, is as follows:

"The average weekly wage of an employee shall be one-fifty-second part of his average annual earnings."

Thus we are confronted with the question of where a man had been in the employ of one firm a sufficient length of time to establish the amount of his annual earnings by showing the amount received for that period of time.

Claimant was paid an average wage of $63.34 per month. During the month preceding the accident he received $54.16. The annual earnings of claimant was $760.08.

Under paragraph 4 of section 7289, the average weekly wage of an employee shall be one-fifty-second part of his average annual earnings. Claimant's average weekly wage would be $14.62. Claimant was temporarily totally disabled, and under paragraph 2 of section 7290 was entitled to 66 2/3 per cent. of his average weekly wage, to wit, $9.75 per week.

The error in the case is apparent. Claimant was awarded over $3 per week more compensation than he was earning in wages, while under the statute he was entitled to 66 2/3 per cent. of the amount of wages with a minimum of $8 per week.

This court very recently passed on a similar question in the case of Oklahoma City v. Arnold, 165 Okla. 294, 25 P. (2d) 651, wherein the court held:

"An award of compensation for an employee who works one week and then misses a week under a definite or agreed scheme or plan should be based upon the average annual earnings under subdivisions 3 and 4, section 7289, C. O. S. 1921 (O. S. 1931, sec. 13356), and not upon the wages for any one week."

The Oklahoma City Case recognizes the rule that, where the employee works only part time because of the lack of work and the attempt of the employer to distribute the work among his employees, in such instance, where the employee has been in the employ of the employer over a sufficient period of time, paragraphs 1 and 2 of section 7289, C. O. S. 1921, do not apply, but paragraphs 3 and 4 are the applicable parts of said section.

In the case at bar the actual annual salary was known and did not have to be determined by either of the rules prescribed in paragraphs 1 and 2 of said section.

Claimant's actual average weekly wage was $14.62, with compensation payment of $9.75 due thereon.

Claimant was awarded $18 per week, and to that extent the award was erroneous.

The award of the Commission is modified so as to show compensation due claimant in

the amount of $9.75 per week in lieu of the amount originally awarded, and, as modified, the award is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.