## SANDERS et al. v. HESTER et al.

No. 25026.   March 6, 1934.

Thurman, Bowman & Thurman and T. Raymond Higgins, for petitioners.

Birge & Schwoerke, for respondent A. M. Hester.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

OSBORN, J.   This is an original action in this court to review an award of the State Industrial Commission entered in favor of A. M. Hester, claimant, against Leo Sanders and the Zurich General Accident and Liability Insurance Company, respondents.

It appears that on July 14, 1933, claimant, while in the employ of respondent, Sanders, received an accidental personal injury which resulted in the loss of one eye. There is but one question presented, and that relates to the rate of compensation properly payable for temporary total disability.

Claimant had been in the employ of respondent since 1925, but the testimony was limited to wages received by him for the year immediately preceding the accidental injury.   Sanders is a contractor, and during such time as claimant was working on a contract job in his capacity as an oiler, he received wages at the rate of 40 cents per hour.   It appears, however, that whenever respondent was unable to furnish claimant work of this character he furnished other work, such as cleaning and repairing the machinery, which is referred to as "made work," and for this type of work claimant received $1.25 per day.   He was doing this class of work at the time of his injury, and, under arrangements with the employer, would have gone to work the following week at 40 cents per hour.   After his injury and while confined in the hospital the employer paid him two weeks wages at the latter rate.

Respondent offered evidence, which is not disputed, that the total amount paid claimant for the year immediately preceding the accidental personal injury was $451.25. The Commission found that the average daily wage of claimant was $3.20, and ordered compensation paid at the rate of $12.31 per week.   Respondent contends that under the undisputed evidence the Commission should have found that the average weekly wage was $8.68 per week, and should fix the compensation rate at $8 per week, the statutory minimum.

The pertinent statutory provisions are found in section 13355, O. S. 1931.

This question was recently determined by this court in the case of Producers' & Refiners' Corp. v. McDougal, 166 Okla. 60, 26 P. (2d) 210, wherein it was determined that paragraphs 3 and 4 of the above section govern.   Said case is determinative of the issue involved herein.

The award of the Commission is modified so as to allow compensation due claimant in the amount of $8 per week in lieu of the amount originally awarded, and as so modified the award is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.