**AMERICAN TANK & EQUIPMENT CO. v. GRAY et al.**

No. 24923.    March 20, 1934.

Jas. C. Cheek, Frank E. Lee, and Ray Teague, for petitioner.

Owen F. Renegar, for respondent P. C. Gray.

CULLISON, V. C. J. This is an original proceeding in this court by the American Tank & Equipment Company, petitioner, to review an award of the State Industrial Commission rendered July 11, 1933, in favor of P. C. Gray.

The record discloses that on December 8, 1932, while working for petitioner, the claimant received a head injury above his right eye resulting in his temporary total disability. Said injury was occasioned by a wooden sledge coming off the handle while being used by a fellow employee. Petitioner admitted liability and provided medical attention and voluntary compensation at $18 per week, to and including May 8, 1933. Petitioner moved the Commission to determine the exact amount of weekly compensation to which claimant was entitled, and following a hearing the Commission made the order and award of which petitioner complains, finding claimant's average weekly wage to be $33.20 when injured, and fixing his rate of compensation at $18 per week.

The sole question to be determined is whether or not the Commission erred in fix-

ing the rate of compensation and directing payment of $18 weekly.

The undisputed evidence is that claimant had been employed by petitioner for six or seven years, the last three or four of which his duties were that of a welder. As a welder he was paid by the hour or piece work, receiving 72c per hour; that during the past year (December 1, 1931, to December 8, 1932) claimant worked 121 days, or a total of 848.2 hours, for which he drew $766.67. The record discloses that claimant was not employed regularly, working only wherever there was work for him to do. He only worked a part of the time, and then on an hourly basis. Some days he would not work at all and on other days he would obtain several hours work.

Both parties admit that the proper section of our statute to be construed is section 13355, O. S. 1931. Paragraph 3 of said section provides that if either of the methods outlined in the two preceding paragraphs, of arriving at the average earnings of an employee, cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident. Paragraph 4 of said section is as follows:

"The average weekly wages of an employee shall be one-fifty-second part of his average annual earnings."

In the case at bar we are confronted with the question of where a man has been in the employ of one firm a sufficient length of time to establish the amount of his annual earnings by showing the amount received for that period of time. Claimant received the sum of $766.67 as his annual earnings for the year preceding his accidental injury. Under paragraph 4, supra, the average weekly wage of an employee shall be one-fifty-second part of his average annual earnings. Claimant's average weekly wage would be $14.74. Claimant was temporarily totally disabled, and under paragraph 2 of section 13356, O. S. 1931, was entitled to 66⅔ per centum of his average weekly wage, to wit, $9.82 per week.

The error in the case is apparent. Claimant was awarded over $3 per week more

compensation that he was earning in wages, while under the statute he was entitled to 66⅔ per centum of the amount of wages with a minimum of $8 per week, subject to the limitation in paragraph 5 of section 13356, O. S. 1931.

This court has held in accordance with these views in the cases of City of Oklahoma City v. C. P. Arnold et al., 165 Okla. 294, 25 P. (2d) 651; and Producers & Refiners Corp. v. McDougal et al., 166 Okla. 60, 26 P. (2d) 210. In the Oklahoma City Case claimant worked intermittently under a definite or agreed scheme or plan to spread employment among others, working one week and missing one week under a plan to which he consented. In the McDougal Case, supra, claimant had been in the same employ for one year or more, working a part of each month and being idle a part of each month under a general plan to give work to all employees. In both cases the compensation was based upon the average annual earnings under subdivisions 3 and 4, section 13355, O. S. 1931, as in the case at bar wherein economic conditions also gave rise to a lack of work to do, and which condition claimant accepted as a natural risk of his type of employment.

These three cases recognize the rule that where the employee works only part time because of lack of work and/or the attempt of the employer to distribute the work among his employees, in such instance, where the employee has been in the employ of the employer over a sufficient period of time, paragraphs 1 and 2 of section 13355, O. S. 1931, do not apply, but paragraphs 3 and 4 of said section are the applicable parts.

In the instant case the actual annual salary was known and did not have to be determined by either of the rules prescribed in paragraphs 1 and 2 of said section, as contended by claimant.

Claimant's actual average weekly wage was $14.74, with compensation payment of $9.82 due thereon. Claimant was awarded $18 per week, and to that extent the award was erroneous.

The award of the Commission is modified so as to show compensation due claimant in the amount of $9.82 per week in lieu of the amount originally awarded, and as modified, the award is affirmed.

SWINDALL, McNEILL, BAYLESS, and BUSBY, JJ., concur.