## J. J. HARRISON CONSTRUCTION CO. et al. v. MITCHELL et al.

No. 25598.    Nov. 20, 1934.

Rehearing Denied Jan. 22, 1935.

Jas. C. Cheek, for petitioners.

Carmon C. Harris, for respondents.

BAYLESS, J. This is an original proceeding in this court by the J. J. Harrison Construction Company, the employer, and New Amsterdam Casualty Company, its insurance carrier, to review an award of the Industrial Commission awarding compensation to Coy Mitchell, an employee and claimant.

The record discloses that on October 9, 1933, while claimant was placing rock on a dump he suffered an accidental personal injury when a rock rolled against his left leg just below the knee and crushed it; that a day or two afterwards he went to Dr. Adams, the company doctor, who treated him until December 13th, and discharged him;

that afterwards he went to Dr. Braughn who treated him for a month or two; that he has not been able to work since he was hurt; that the accident occurred just a few days before the work was completed; that he worked on for two or three days after the accident and until the job was completed; that he did not think at the time that the injury was serious; that at the time of the trial in this case (March 31, 1934), his knee was in a cast and he was walking on crutches.

It was stipulated and agreed by the parties that the claimant, at the time of trial, was temporarily and totally disabled; however, the respondents very carefully avoided an admission that his disability was the result of the injury complained of.

The Commission after having heard all of the evidence introduced, found:

"1. That on the 9th day of October, 1933, the claimant was in the employment of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury, arising out of and in the course of his employment, to wit, an injury to the back, left hip and knee. * * *

"3. That the average daily wage of claimant at the time of said accidental injury was $3 per day.

"5. That by reason of said accidental injury the claimant was rendered temporarily totally disabled on the 12th day of October, 1933, and is still at this time temporarily totally disabled, and is in need of further medical treatment."

There are six assignments of error urged by petitioners, only one of which need be noticed by us in detail and one in passing. Petitioners' second assignment of error is:

"There is no evidence to sustain the finding of fact No. 5, 'that by reason of said accidental injury the claimant was rendered temporarily totally disabled, etc.,' there was no evidence as to the cause of disability."

As to the nature and extent of the injury of October 9, 1933, the claimant was the only witness who testified, and in brief his testimony was:

"A rock rolled against his left leg just below the knee and crushed it; he remained at work with slight ill effects two days thereafter, and was at the time of trial disabled."

Claimant testified he did not consult a doctor until his leg began hurting him so badly, which was three to six days later. No testimony was offered, medical or other-

wise, that the injury of October 9, 1933, caused the disability of claimant. We said in St. Louis Mining & Smelting Co. v. State Industrial Com., 113 Okla. 179, 241 P. 170 (quoting from Okla. Hospital v. Brown, 87 Okla. 46, 208 P. 785) :

"It is the settled rule that, where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled professional persons."

We, therefore, hold that since there was no testimony of skilled or professional persons offered to establish the cause and extent of the injury, the Commission was in error when it found that the accident as claimed resulted in claimant's disability.

The petitioners' sixth assignment of error relates to the finding of the Commission that claimant's average daily wage at the time of the injury was $3, which finding petitioners assert is without support in the evidence. In our opinion, under the evidence in this case, it would have been necessary for the Commission to apply the rules announced by us in Sanders v. Hester, 167 Okla. 487, 30 P. (2d) 644, and Oklahoma City v. Arnold, 165 Okla. 294, 25 P. (2d) 651.

The award is vacated and the cause remanded to the Industrial Commission; with directions, first, to ascertain whether the disability is the result of the accident complained of; second, whether the disability to be awarded for is the result of the injury specified in the claim, to wit, to the back, left hip, and knee, or whether it is limited to the disability shown by the evidence to the knee only; and, third, to ascertain the claimant's average weekly wage at the time of the injury in accordance with the formula specified by the Legislature in section 13355, O. S. 1931.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, and WELCH, JJ., concur. ANDREWS, McNEILL, and BUSBY, JJ., absent.

---

On Rehearing.

BAYLESS, J. The petitioners have filed a pet'tion for rehearing on the original opinion written by us. This calls for a clarification of the directions contained in the conclusion of the opinion.

Petitioners alleged in their petition for review, and argued in their brief, that no notice in writing of the accident and injury had been given by the employee to the employer, nor had the failure to give such notice been excused upon a showing that no prejudice had resulted therefrom to the employer. Petitioners now assert that this point was not discussed in our opinion, and because we specified certain issues to be fortified or clarified by additional evidence on retrial, the effect of our opinion would be, inferentially, to overrule its assignment of error in respect thereto and to limit the retrial to the issues specified.

The petitioners argued in the brief, and now argue in the petition for rehearing, that the record upon this point is conclusive in their favor and against the employee.

Employee's notice of injury is provided for by section 13358, O. S. 1931 (7292, C. O. S. 1921). We have construed this section of the act to mean that where no written notice of the injury is given to an employer by the employee, and the employer has no actual notice of the injury, the burden rests upon the employee to show that no prejudice resulted therefrom to the employer. Ford Motor Co. v. Hunt, 146 Okla. 105, 293 P. 1038; Fidelity Union Casualty Co. v. State Ind. Comm., 130 Okla. 65, 265 P. 131; and Cameron Coal Co. v. Collopy, 102 Okla. 207, 228 P. 1100. See, also, Norman Steam Laundry v. Ind. Comm., 160 Okla. 107, 16 P. (2d) 92, specifying the information to be conveyed by the written notice; and Tidal Ref. Co. v. Ballard, 163 Okla. 259, 21 P. (2d) 1054, announcing the rule with reference to what constitutes unwritten notice to, or actual knowledge on the part of, an employer which is a corporation.

The record in this case shows that the employee did not give written notice to his employer; and the employee testified that he did not know whether the employer had actual notice or knowledge of the accident and injury. The employee made no effort to prove that no prejudice resulted to the employer as a result of the employee's failure to give written notice. The award must be vacated for this reason, also.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, CORN, PHELPS, and GIBSON, JJ., concur. RILEY, J., absent.