## NICHOLS TRANSFER & STORAGE CO. et al. v. PATE et al.

No. 26059.  Sept. 25, 1935.

Pierce, Follens & Rucker, for petitioners.

Bailey E. Bell and Robert B. Thomas, for respondent.

BUSBY, J.  This is an original proceeding to review an award of the State Industrial Commission. The sole question involved concerns the rate of compensation under the Workmen's Compensation Law (chap. 72, O. S. 1931).

The question arises under the following states of facts: The respondent Ernie Pate while working for the petitioner Nichols Transfer & Storage Company, on the 17th day of April, 1934, received an accidental personal injury while he was lifting or attempting to lift a piano that was being moved into a house. The piano fell on him injuring his chest, back, and the ligaments of his left shoulder. The order complained of awards him compensation for temporary total disability from April 17, 1934, to July 5, 1934, less five days' waiting period, computed at the rate of $10.77 per week.

According to the testimony of claimant he was being paid for his work for the petitioner at the rate of 35 cents per hour on the basis of an eight-hour day and a six-day week. Claimant, however, in his testimony did not undertake to state the number of days he had worked during the past year. By agreement of the parties the petitioner was permitted to introduce in evidence as a deposition the sworn statement of his manager, showing that the claimant had worked irregularly for the petitioner for a period of time covering approximately eleven months immediately preceding the accident, and during that time had received as total pay for his labor the aggregate sum of $193.85. It does not appear from the record whether the claimant did other or additional work for other employers during the same period of time, nor does the record reveal what the earnings of "other employees of the same or most similar class working in the same or most similar employment in the same or neighboring locality" were. (See subdivision 3, sec. 13355, O. S. 1931.)

The petitioner herein advances the view that, since the claimant had worked for the petitioner 69 days, distributed over a period of approximately one year (47 weeks), immediately preceding the injury, his compensation should be determined by dividing the aggregate amount of pay received by the total number of weeks during which work was performed, and that the rate of pay should be $4.13 per week. Petitioner urges in this connection that controlling importance should be given to subdivision 4, section 13355, O. S. 1931.

The claimant, on the other hand, urges and the Commission found that the rate of compensation should be fixed under subdivisions 1 and 2, section 13355, supra, and that the rate of compensation was properly determined by multiplying the daily wage of $2.80 by 300, dividing by 52 and taking two-thirds of the result, which is $10.77, as the weekly compensation rate.

We are unable to sustain the contention of either party. Our decision on this matter is governed by the rule announced in the case of Frick-Reid Supply Co. et al. v. Hunter, 171 Okla. 348, 43 P. (2d) 145, wherein we said in paragraph 2 of the syllabus:

"Where the State Industrial Commission upon the evidence before it erroneously orders an award of compensation computed as provided by subdivisions 1 and 2, sec. 13355, O. S. 1931, and other evidence in the record would support an award computed upon the basis provided in subdivision 4 of said section 13355, supra, this court in vacating the award and remanding the matter to the Commission will not order an award upon the record made at the previous hearing without affording the claimant an opportunity to make a showing under subdivision 3 of section 13355, supra."

In that case we definitely repudiated petitioner's contention that the actual aggregate annual earnings of an injured employee who worked at irregular intervals when divided by 52 constitutes a maximum limitation on the weekly rate of compensation, and held that the controlling statutory provision in determining the base rate of compensation in this character of case in subdivision 3, section 13355. The case constitutes a modification by inference of some of the language used in the previous case of American Tank & Equipment Co. v. Gray et al., 167 Okla. 494, 30 P. (2d) 901, wherein we applied to a case involving an irregular employee the rule previously announced in connection with an employee working a part of each month under a general and agreed plan of part time employment. See Producers & Refiners Corp. v. McDougal et al., 166 Okla. 60, 26 P. (2d) 210.

In the case of American Tank & Equipment Co. v. Gray et al., supra, we did recognize, however, that under subdivision 3, section 13355, supra, the earnings of other employees similarly situated were proper elements of consideration in determining the base rate of compensation, although that element was not actually taken into consideration in determining the compensation which the claimant in that case should receive. The later case of Frick-Reid Supply Co. et al. v. Hunter, supra, by attaching controlling importance to subdivision 3, section 13355, supra, recognizes the propriety of giving proper evidentiary importance to the earnings of other employees similarly situated in order to determine the earning capacity of a claimant when the compensation is determinable under the provisions of that subsection.

Under subdivision 3 of the statute the base rate of compensation is dependent upon the earning capacity of claimant as determined upon consideration of his own earnings and those of other employees similarly situated.

Inasmuch as the method adopted by the Commission is erroneous, and since we are unable to sustain the contention of either of the parties in this case under the rule announced in the Frick-Reid Supply Co. Case, the award is vacated, and the cause remanded, with directions to the Commission to afford the claimant an opportunity to introduce evidence for the purpose of establishing a base rate for compensation in accord, with the rule announced in that case and the provisions of subdivision 3 of the controlling statute.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.