### EAGLE-PICHER MINING & SMELTING CO. v. LINTHICUM et al.

No. 26503. Jan. 14, 1936.

John Campbell and A. C. Wallace, for petitioner.

Wm. M. Thomas and the Attorney General, for respondents.

PER CURIAM. This is an original proceeding in this court brought by the petitioner, the Eagle-Picher Mining & Smelting Company, seeking the review and modification of an award made by the State Industrial Commission in favor of respondent Fred Linthicum.

The record discloses that the respondent sustained an accidental personal injury on November 27, 1932, while in the employ of the petitioner, and was by the State Industrial Commission awarded compensation for temporary total disability resulting from said injury. That a review of said award was had in this court and the order of the Commission thereon sustained. Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. (2d) 450. The compensation so awarded was subsequently paid.

On October 5, 1934, respondent filed with the State Industrial Commission an application requesting that tribunal to determine the permanent disability sustained by respondent by reason of said injury. A hearing was had on this application, and on June 24 1935, the Commission made an award to the respondent for temporary partial disability resulting from said injuries, and it is this award that we are now called upon to review.

The portions of the order and award essential to a consideration in this action are as follows:

"As a further result of said injury claimant has suffered a temporary partial disability by reason of which his wage-earning capacity is now $1.75 per day, or a decrease of 50 cents per day, the average of claimant at the time of said injury having been $2.25 per day; and, as a result of the aforementioned injury and resulting temporary partial disability, claimant is entitled to sixty-six and two-thirds per cent. of the differ-

ence between his average weekly wages at the time of said injury and his wage-earning capacity after June 2, 1933, and during the continuance of such temporary partial disability not to exceed 300 weeks. Upon consideration of the foregoing facts: The commission is of the opinion that claimant is entitled to compensation at the rate of $8 per week for a period not to exceed 300 weeks from June 3, 1933, subject to reconsideration of the degree of such impairment by the commission on its own motion or upon application of any party in interest; and that there is now due claimant the sum of $849.33 computed from June 3, 1933, to June 18, 1935, being 106 weeks and one day, and to continue compensation thereafter.

"It is therefore ordered: That within 15 days from this date, the respondent pay to the claimant the sum of $849.33, being 106 weeks and 1 day's compensation at the rate of $8 per week, and to continue compensation thereafter, at the rate of $8 per week, until a period not to exceed 300 weeks shall have been paid during the continuance of said temporary partial disability not to exceed three hundred weeks."

It is the contention of the petitioner that:

"Said award is excessive in that it violates subsection 5 of section 13356, Oklahoma Statutes 1931, the commission having found in its order of June 24, 1935, that claimant had an average earning capacity of one dollar seventy-five cents ($1.75) per day from June 3, 1933, to June 18, 1935, or a wage-earning capacity of ten dollars and fifty cents ($10.50) per week, which, plus eight dollars ($8) a week would give him a present income of eighteen dollars and fifty cents ($18.50) per week, while his average weekly wage prior to the injury was two dollars and twenty-five cents ($2.25) per day or thirteen dollars and fifty cents ($13.50) a week thereby making said award excessive to the extent of five dollars ($5) per week."

The question thus raised involves the interpretation of subdivisions 4 and 5 and of the last paragraph of subdivision 3 of section 13356, O. S. 1931, which pertinent sections in their proper order read as follows:

"Other Cases: In this class of disabilities the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment, or otherwise payable during the continuance of such partial disability, not to exceed 300 weeks, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon the application of any party in interest. * * *

"4. Temporary Partial Disability: In case of temporary partial disability, except the particular cases mentioned in subdivision

3 of this section, an injured employee shall receive sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, if less than before the injury during continuance of such partial disability, but not in excess of 300 weeks, except as otherwise provided in this act.

"5. Limitation: The compensation payments under the provisions of this act shall not exceed the sum of eighteen ($18) dollars, per week, or be less than eight ($8) dollars per week; provided, however, that if the employee's wages at the time of injury are less than eight ($8) dollars per week, he shall receive his full weekly wages: provided, further, that the compensation received as provided under subdivision 4 of this section shall not, when added to the wages received by such employee after such injury, amount to a greater sum than his average weekly wages received prior to said injury."

The petitioner emphasizes the fact that it is raising no question of fact passed upon by the State Industrial Commission and is relying entirely upon the law applicable to the facts found by the commission, and urge that the award made by the commission to the respondent is in direct violation of subdivision 5 of section 13356, supra. The basis for this contention is that since the commission found that respondent had sustained a loss of only $3 per week between his average weekly wages prior to the injury and his wage-earning capacity thereafter, therefore the commission could not properly make an award of $8 per week under the maximum and minimum clause of said subdivision, but was limited by the last proviso in said subdivision to an award of $3 per week, since said sum when added to the wage-earning capacity of the respondent after his injury, and as ascertained by the commission, would equal the average weekly wages of the respondent prior to the injury. We are requested to modify the award on this basis and on the assumption that the commission made an error in computation in the award which it entered. The only authorities cited by the petitioner in support of this contention are subdivision 5 of section 13356, supra, and the cases of Oklahoma City v. Arnold, 165 Okla. 294, 25 P. (2d) 651, and American Tank & Equipment Co. v. Gray, 167 Okla. 494, 30 P. (2d) 901. The decisions cited are authority for the modification of an award of the State Industrial Commission by this court, but do not otherwise support the contention of the petitioner.

As we have said in Meads v. Human, 84 Okla. 82, 202 P. 797:

"Hence, it is an established rule in the exposition of statutes that the intention of the lawgiver is to be deduced from a view of the whole and of every part of a statute taken and compared together. The several provisions of the statute should be construed together in the light of the general purpose and object of the act and so as to give effect to the main intent and purpose of the Legislature as therein expressed. If possible a statute should be so construed as to render it a consistent and harmonious whole: if different portions seem to conflict, they should, if practicable, be harmonized, that construction being favored which will render every word operative rather than one which makes some words idle and nugatory. (25 R. C. L. par. 247, page 1006.)"

And as we have said in Palmer et al. v. King et al., 75 Okla. 276, 183 P. 411:

"Where general terms or expressions in one part of the statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect, as clearer and more definite expressions of the legislative will."

Applying the rule announced in the above cases to the present situation, we find that section 13356, supra, established a general rule for the guidance of the State Industrial Commission in awarding compensation to injured employees under the Workmen's Compensation Law of this state, and thereunder all classes of injury are considered and a schedule is established.

It will be noted that the last paragraph of subdivision 3 of said section has reference to "other cases," and that this has reference to cases other than specific injury involving permanent partial disability, and that thereunder it is provided in this class of disability the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise; and that in subdivision 4 of said section, which has reference to temporary partial disability and which type of disability is the basis of the award under review herein, it is provided:

"In case of temporary partial disability, except the particular cases mentioned in subdivision three of this section, an injured employee shall receive sixty-six and two-thirds per centum of the difference between . his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise."

It will be observed that in both instances the compensation is to be computed on the basis of the difference between the average weekly wages prior to the injury and the wage-earning capacity of the employee thereafter. The above constitutes a general chart and compass for the direction of the State Industrial Commission. However, we find accompanying this a correction chart for those situations wherein the general rule would be deficient, inadequate or unjust, and that this is embodied in subdivision 5 of said section 13356, supra, and that therein the Legislature recognizes the inapplicability of the preceding subdivisions of the statute to every case that might arise thereunder and provided limits and exceptions thereto. First recognition is had of the fact that in exceptional instances an employee might be paid wages so high that compensation under the general rule would result in an undue burden upon the employer and afford the employee an income sufficiently large as to discourage a return to work, and to prevent this it is provided that the commission may not award compensation in excess of $18 per week; likewise, recognition is also had of the fact that in some instances the wages of the employee may be so meager that application of the general rule would not afford reasonable compensation for the loss sustained by the employee, and to obviate this a minimum of $8 per week is established, in those cases where the prior average wage of the employee was in excess of that amount, but where the application of the general rule would result in a less compensation than said sum; recognition was also had of the fact that in some instances the wage of an employee would be even less than $8 per week, and that as to such it would be unjust and inequitable to permit the employee to draw more in the form of compensation than he had been able to earn in the form of wages, and therefore provided that in such cases the award for compensation should be limited to an amount equal to the employee's wages. Recognition is also made of the fact that in some instances an award for compensation under the general rule and not otherwise limited thereby might, when added to wages afterwards received by the employee, result in giving the employee more in the form of wages and compensation than he had been able to earn prior to his injury, and thus in effect result not in compensation for loss of earning power, but in an indirect award for the injury sustained, and, in this manner tend to promote malingering and invite

injury, and therefore to obviate this it was provided:

"That the compensation received as provided under subdivision 4 of this section shall not when added to the wages received by such employee after such injury amount to a greater sum than his average weekly wages received prior to said injury."

It will be noted that whereas under the last paragraph of subdivision 3 and in subdivision 4 of said section 13356, O. S. 1931, the compensation is to be based upon the difference between the average weekly wage prior to the injury and the wage-earning capacity thereafter, the limitations set up in the last paragraph of subdivision 5 of said section do not include the same language, but are applicable on the conditions therein named.

We think it apparent that the Legislature had the distinction clearly in mind when it drafted the section in question and used the language that it did; that it was the purpose of the Legislature to establish a maximum and minimum of compensation, with the exceptions above noted as to employee drawing less than the minimum, and with the further thought and idea of protecting both the employer and the employee in those cases wherein the compensation awarded would, when added to wages received, exceed the prior wages earned by the employee, and that the language used in the last paragraph of said subdivision 5 was advisedly used so that an employee would not be deprived of compensation in those instances where he had received no wages, although he possessed wage-earning capacity, and also that the employer would not be called upon to pay more compensation than would equal the employee's prior wages. When so construed there is no conflict between the general provisions of the statute in question and the limiting clause set forth in said subdivision 5 of section 13356, supra.

We are of the opinion, and so hold, that before the provisions of subdivision 5 of section 13356, supra, are applicable to any award made by the State Industrial Commission, it must appear that some one or more of the contingencies therein provided exist, and that it thus becomes a question of fact as well as a question of law. While the petitioner insists that no question of fact is presented here, we cannot agree with this contention but hold that this was a question to be considered in making the award, and that since the evidence as shown by the record discloses that there was ample testimony to support the award of the Commission in this respect, it should not be disturbed for that reason.

The question presented herein appears to be a case of first impression in this jurisdiction. We had a cognate situation presented in the case of Hyde Const. Co. v. O'Kelley, 164 Okla. 149, 23 P. (2d) 155, and therein Mr. Justice Welch, speaking for the court, said:

"An award of compensation for permanent partial disability under the 'other cases' provision of the Workmen's Compensation Law of this state as provided in section 13356, O. S. 1931, shall not be less than $8 per week, except in cases where the employee's wages at the time of the injury for which the award is made are less than $8 per week."

Since the contention of the petitioner is unsupported in fact and law, the request to modify the award of compensation must be denied.

Award affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., absent.