## OKLAHOMA STATE HIGHWAY COMMISSION et al. v. WALTERS et al.

Nos. 29252, 29253.   April 2, 1940.

*100 P. 2d 1010.*

Don Anderson, of Oklahoma City, for petitioners.

R. O. Ingle, J. Fred Green, and W. B. Wall, all of Sallisaw, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 16th day of September, 1938, W. G. Walters, hereinafter referred to as respondent, filed his first notice of injury and claim for compensation, alleging that on January 8, 1938, while working as an employee for the State Highway Commission, he sustained an accidental injury arising out of and in the course of said employment. On the 3rd day of May, 1939, an award was entered by the State Industrial Commission under subdivision 4 of section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, relating to awards for temporary disability. The petitioners, the State Highway Commission and the State Insurance Fund, seek to obtain a review of said award.

In the first proposition it is alleged that the finding of the State Industrial Commission that the respondent was excused from giving the statutory written notice provided by section 13358, O. S. 1931, 85 Okla. St. Ann. § 24, is not sustained by any competent evidence.

The evidence in the record tends to disclose that the respondent was working with a group of employees in removing rock from the highway when he sustained his injury. The foreman, Ray Kirkland, was present and knew of said injury, and for several months after the injury said foreman collaborated with the remaining employees in giving the respondent lighter work to do. Ray Kirkland testified that in his opinion the injury was of a minor nature and would cause no trouble, and that was the reason he did not report the matter on some claim form for that purpose. The nature and extent of disability is not in dispute. We are of the opinion, and hold, that under the facts and circumstances the record contains competent evidence justifying the finding that the employer was not prejudiced by a failure to give statutory written notice. As said in J. B. Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751, under the provisions of section 13358, supra, it is the duty of the injured employee to give the statutory written notice provided for by said section, within 30 days. If the statutory written notice is not given, the State Industrial Commission is authorized to excuse the giving of such notice upon the grounds: (1) That the notice for some sufficient reason could not have been given; (2) or on the ground that the insurance carrier or the employer, as the case may be, has not been prejudiced thereby. It is admitted that no statutory written notice was given in the case at bar. The State Industrial Commission made its finding based upon the ground that the petitioners were not prejudiced by a failure to give the statutory written notice, and there is competent evidence reasonably tending to support the finding. J. B. Klein Iron & Foundry Co. v. State Industrial Commission, supra; Gulf Oil Corp. v. Garrison, 183 Okla. 631, 84 P. 2d 12; Curry v. State Industrial Commission, 182 Okla. 119, 76 P. 2d 899.

It is urged that the State Industrial Commission erred in finding that the petitioners had actual notice and were therefore not prejudiced by a failure to give the statutory written notice. Section 13358, supra, makes no provision for actual notice. The statement in some of the cases (see Protho v. Nette, 173 Okla. 114, 46 P. 2d 942) originated in cases where no statutory written notice had been given, and the State Industrial

Commission had made no finding excusing the giving of the statutory notice. As pointed out in the above cases, section 13358, supra, authorizes the excusing of the giving of the statutory written notice on two grounds, either of which would justify a finding excusing the giving of such notice. There is competent evidence in the record sustaining the finding of the State Industrial Commission that the employers were not prejudiced by a failure to give the statutory written notice.

However, the award must be vacated for another reason. The State Industrial Commission found that the respondent sustained an accidental injury, by reason of which he became disabled on January 8, 1938, and ordered payment of $6.78 per week up to and including August 19, 1938. He did not quit work until August 19, 1938, and was paid full wages up to and including that date. Under subdivisions 4 and 5, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, the State Industrial Commission is not authorized to order payment for temporary disability during the time that he is receiving full pay. The payments should be computed under subdivisions 4 and 5 of section 13356, supra, which provides for a minimum of $8 per week unless the injured employee is drawing less than $8 per week at the time of the injury. Provided, further, that the sum he is paid for such compensation when added to what he is making after the injury shall not exceed the wages earned prior to the injury. For a complete discussion, see Eagle-Picher Mining Co. v. Linthicum, 175 Okla. 483, 53 P. 2d 687.

The award is vacated, with directions to the State Industrial Commission to proceed in accordance with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.