In the Matter of the Claim of GLADYS SMITH, Respondent, v. JOHN J. CASEY, Doing Business as COLONIAL ARMS HOTEL, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board on the grounds that the board erroneously computed claimant's average weekly wage (Workmen's Compensation Law, § 14). The sole issue raised on this appeal is the method of computing claimant's average weekly wage under section 14. Subdivision 1 of section 14 prescribes that where an employee was employed "substantially the whole of the year immediately preceding his injury" his "average annual earnings" are, for a six-day worker, 300 times his

average daily wage. This figure is in turn under subdivision 4 divided by 52 to arrive at the employee's "average weekly wage". Using this formula in the instant case appellants correctly compute claimant's earnings to be $2,277 and her average weekly wage to be $43.79. The problem here is that claimant actually worked 309 days in the year prior to her injury generating actual total earnings of $2,345.33, a figure higher than her "average annual earnings" utilizing subdivision 1. Faced with this situation a majority of the board determined that subdivision 1 should be disregarded and claimant's actual annual earnings be used instead citing *Matter of Kelly* v. *Interborough R. T. Co.* (251 App. Div. 763). While subdivision 3 of section 14 allows alternative methods of arriving at "average annual earnings" where subdivision 1 "cannot reasonably and fairly be applied", we do not think the use of this subdivision is appropriate here (*Matter of Ingalls* v. *Herrick*, 248 App. Div. 445). We construe the legislative intent in enacting section 14 as presently constituted to be to establish a universally applicable formula to compute the average annual earnings of all six-day employees who worked "substantially the whole of the year" whether for any reason they actually worked several days under the 300 figure (e.g., *Matter of Mokski* v. *Bethlehem Steel Co.*, 278 App. Div. 624, affd. 303 N. Y. 896), or as here several days over the 300 figure (see *Matter of Leesman* v. *Drew-Bros.*, 14 St. Dept. Rep. 679, 681–682). *Matter of Kelly* is inapposite here. There claimant was a seven-day employee who worked 332 days during the preceding year. Section 14 provides specific formulas for only five and six-day employees (see, also, *Prentice* v. *New York State Rys.*, 181 App. Div. 144). Similarly *Matter of Linkens* v. *Tide Water Oil Sales Corp.* (251 App. Div. 768, affd. 276 N. Y. 581) is factually distinguishable from the instant case. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.