WINROCK FARMS and Phoenix of Hartford
Insurance Company, Petitioners,

v.

W. R. ELDRED and State Industrial Court
of the State of Oklahoma, Respondents.

No. 42523.

Supreme Court of Oklahoma.

Oct. 22, 1968.

Harry R. Palmer, Jr., Oklahoma City, for petitioners.

Frank Seay, Dick Bell, Seminole, G. T. Blankenship, Atty. Gen., for respondents.

BLACKBIRD, Justice.

There is involved here for review an award of the State Industrial Court al-

lowing the respondent, W. R. Eldred, claimant below, total and permanent disability benefits under the provisions of the Oklahoma Workmen's Compensation Act against petitioners, Winrock Farms and its insurance carrier, Phoenix of Hartford Insurance Company, respondents below. Parties will be referred to here as they appeared before the State Industrial Court.

It is admitted that claimant sustained a heart attack while working for respondent on July 19, 1965, which resulted in his total and permanent disability to perform ordinary manual labor, and is entitled to compensation for such disability. The jurisdiction of the State Industrial Court and the insurance coverage are admitted.

The sole contention presented on appeal is that the trial court erred in following the formula outlined in 85 O.S.1961, § 21, subsection 2, in determining and fixing the weekly wage scale of the claimant.

Claimant commenced working for respondent at noon on July 19, 1966, and sustained his heart attack at about 3 P.M. on said date. He was paid $5.00 for the time he worked, based on one-half day.

Claimant testified that he worked for respondent a period of about three months during the summer of 1965, during the grinding season and (if he had not sustained his heart attack) had expected to work for it "until they got their grinding done, that's the way I done the year before and it lasted until about October * * *". He further testified that he expected to be paid $1.00 an hour in 1966 with some extra hours to make it about $1.50, the same pay he had received in 1965. He testified his average weekly pay in 1965 was $70.00 per week.

Claimant was paid $210.00 by the respondent in 1965, and $5.00 in 1966. These payments constitute claimant's entire employment record as an employee of the respondent.

In addition to the above earnings from respondent, claimant earned $352.61 while working for Roberson & Son, during the year 1966.

There is no evidence concerning claimant's employment record prior to 1965. He testified that he received serious injuries while employed by the State Highway Department in 1958 or 1959 and did no outside work for about 4 years, limiting his activities to work on his own chicken farm.

Paul Wells, son-in-law of the claimant, and former employee of the respondent testified that the wages of full time employees doing the same type of work claimant was doing is $70.00 per week.

Tit. 85 O.S.1961, § 21 outlining the method of determining the weekly wages of an employee provides:

"Except as otherwise provided in this act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows:

"1. If the injured employee shall have worked in the employment in which he was working at the time of the accident whether for the same employer or not, during substantially the whole of the year immediately preceding his injury, his average annual earnings shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same working class working substantially the whole of such immediately preceeding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed.

"3. If either of the foregoing methods of arriving at the annual earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to

the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident.

"4. The average weekly wages of an employee shall be one fifty-second part of his average annual earnings.

Tit. 85 O.S.1965 and 1967 Supp., § 22 Subsection 5, as amended, provides:

"5. Limitation. The compensation payments under the provisions of Workmen's Compensation Law shall not exceed the sum of Forty Dollars ($40.00) per week for temporary disability and shall not exceed the sum of Forty Dollars ($40.00) per week for permanent disability or at any time be less than Fifteen Dollars ($15.00) per week; provided, however, that if the employee's wages at the time of the injury are less than Fifteen Dollars ($15.00) per week, he shall receive his full weekly wages, provided further, that the compensation received as provided under subdivision 4 of this section shall not, when added to the wages received by such employee after such injury, amount to a greater sum than his average weekly wages received prior to said injury."

In K. Lee Williams Theatres v. Mickle, 201 Okl. 279, 205 P.2d 513, quoting with approval Geneva-Pearl Oil & Gas Co. v. Hickman, 147 Okl. 283, 296 P. 954, we said:

" 'The scheme of all of these provisions seems to be to provide for a fair method whereby the "average annual earnings" or "average weekly wages" can be fairly and reasonably determined. We think the Legislature intended to provide for a method whereby the average weekly wages could fairly be determined.' "

The trial court in determining the weekly wages of the claimant followed the provisions of § 2, supra, and fixed the weekly wages at the maximum amount or $40.00. The award entered is for 500 times $40.00, or $20,000.00

■■■ The evidence conclusively establishes the claimant to be a part-time or seasonal employee. We have repeatedly held that where the work of the employee during the year prior to his injury is seasonal or part-time and subsections 1 and 2 of 85 O.S.1961, § 21 "cannot reasonably and fairly be applied" his wages should be determined under the provisions of subsection 3, 85 O.S.1961, § 21 and not subsections 1 and 2, supra. Safeway Stores v. Mauk, Okl., 275 P.2d 987; Briscoe Const. Co. v. Miller, 184 Okl. 136, 85 P.2d 420; Skelly Oil Co. v. Ellis, 176 Okl. 569, 56 P.2d 891; Nichols Transfer & Storage Co. v. Pate, 173 Okl. 282, 49 P.2d 225; American Tank & Equipment Co. v. Gray, 167 Okl. 494, 30 P.2d 901; Producers' & Refiners' Corp. v. McDougal, 166 Okl. 60, 26 P.2d 210; City of Oklahoma City v. Arnold, 165 Okl. 294, 25 P.2d 651.

In Safeway Stores v. Mauk, supra, we said:

"This Court's opinion in Skelly Oil Co. v. Ellis, 176 Okl. 569, 56 P.2d 891, 894–896, contains a rather comprehensive review of our decisions previous to that time on the question at issue (and others) and it is plain therefrom that the rate of compensation of an injured employee who has worked *at intervals* aggregating less than 'substantially the whole' of the year previous to his injury, should be based, not upon his 'average annual earnings', as specified in paragraphs 1 and 2, section 21, supra, but upon his 'annual earning capacity' as specified in paragraph 3 of said section. It is only upon the latter basis that a rate of compensation can be arrived at that will be fair to both employer, his insurance carrier, and such an employee or claimant. We think that the Commission erred in computing claimant's compensation under paragraph 2, supra, and we have concluded that paragraph 3 is the only one

**268**

of the first three numbered paragraphs of said section properly applicable here."

The award of the State Industrial Court is vacated and this cause is remanded to said court with directions to determine the amount of the award of the claimant as in other cases under the provisions of 85 O.S.1961, § 21, subsection 3.

It is so ordered.

All the Justices concur.