## AMERADA PETROLEUM CORPORATION v. THOMPSON et al.

No. 25243.    Sept. 11, 1934.

Pierce, Follens & Rucker, for petitioner.

Stanley B. Belden, for respondents.

SWINDALL, J.    This is an original proceeding to review an award of the State Industrial Commission made November 15, 1933, wherein the claimant was granted compensation at the rate of $18 per week for temporary total disability for an injury sustained on the 24th day of May, 1933, while in the employment of the Amerada Petroleum Corporation. The pertinent finding of the Commission is that claimant "sustained an accidental personal injury by lifting with a crowbar to place engine on center to kick it off and sustained an injury to his back, heart, and nervous system, and as a direct result thereof has ever since said date, and is still, temporarily totally disabled from the performance of ordinary manual labor."

Respondent contends that the disability from which the claimant is now suffering is the result of an accident of exactly the same character received in 1931, for which no claim for compensation was ever filed; that there is no evidence to support the finding that the present disability is a result of the accident received in 1933. A review of the evidence discloses that the accident received in 1931 occurred on March 15th of that year; that claimant was "off for a while," then continued working until October, 1932, at which time he began undergoing treatment for his condition, attending several doctors. He was in the Hubbard Hospital about ten days, and thereafter was treated until March 13, 1933, being most of the time confined to his home and bed. His complaints, according to the Hubbard Hospital report, were of "'weak spells,' sharp pains in chest (left center), slight cough, nervousness, headache, constipation, 'dizzy spells,' and loss of weight." He was advised that he had some organic heart disturbance resulting in static pulmon-

ary congestion. Claimant resumed work in April, 1933, and worked eight days that month; in May, 1933, he worked from the 3rd to the 6th, from the 10th to the 12th, one day on the 15th, then from the 16th to the 26th, two days beyond the date of the accident complained of. This irregular working was not due primarily to claimant's condition, but to the work proration system being used by the company. However, the evidence shows that he was not able to do the work of a normal person in full health; that he was off once for illness during the last two-month period he worked, and that, according to his own testimony, his foreman told him "to go back to work and he would make it as light on me as he could." Dr. Elliott, for claimant, testified that from his examination alone he could not say whether the condition present resulted from the first or second strain, but that, in view of the fact that claimant did perform labor prior to the second accident, and of the fact that he had been thereafter wholly unable to work, his condition was substantially aggravated and disability increased by the second accident.

The evidence, in our opinion, was sufficient to justify the Commission in concluding that the accidental injury of May 24, 1933, concurring with the injury received in 1931, as a physical cause, resulted in temporary total disability. Our court, in conformity with the generally accepted rule, has held that disability caused by an accidental injury, in conjunction with a predisposition to the ensuing condition, is compensable under the Workmen's Compensation Law without apportionment among the concurring causes. Oklahoma Gas & Electric Co. v. Slocum, 159 Okla. 245, 15 P. (2d) 29; Nease v. Hughes Stone Co., 114 Okla. 170, 244 P. 778. It does not follow, however, that claimant is entitled to full compensation of $18 per week for his existing disability. No compensation could be allowed for disability resulting from the injury of 1931, because no claim therefor was filed within the one year required by the statute. Section 13367, O. S. 1931; Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. (2d) 381. Section 13355, O. S. 1931, begins as follows:

"Except as otherwise provided in this act, the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined as follows: * * *"

Section 13356, O. S. 1931, subdivision 6, provides:

"Previous Disability: The fact that an employee has suffered previous disability, or received compensation therefor, shall not preclude him from compensation for a later injury; but in determining compensation for the later injury his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later injury."

This court, in Burch v. Slick, 167 Okla. 639, 31 P. (2d) 110, noted the difference between actual earnings and earning capacity when it held:

"Incapacity cannot be presumed from the mere inability to obtain work. Compensation is payable for inability to do work or to obtain work because of the physical condition of the workman due to the accident. If the workman is less able to compete in the labor market and his earning capacity might be less in the future than it was before the accident, as a result of the accident, these facts should be taken into consideration by the Commission in determining claimant's wage-earning capacity."

Thus, it is evident that the actual wages which the previously injured employee is receiving at the time of his subsequent injury is not conclusive under all circumstances of the sum to be used as representing his average weekly wages, but it shall be such sum as will reasonably represent his earning capacity at the time of the later injury. Ordinarily, as in Nease v. Hughes Stone Co., supra, the employee's actual wages will represent his wage-earning capacity, but circumstances may disclose a contrary condition, and we think they do in the case at bar. Claimant was re-employed at the same base rate of pay which he had received prior to his injury in 1931, but he was favored by having the work made lighter, and the evidence shows the employment was tentative; that the parties were conscious of the possibility that claimant would not be able to do the work, which doubt was not resolved at the time claimant received his second injury. Under such circumstances we are of the opinion that it was incumbent upon the Commission to investigate and determine claimant's wage-earning capacity at the time of the accidental injury complained of so as to eliminate compensation for disability existing prior to that time.

To prevent error in further proceedings before the Commission, we call attention to

the cases of American Tank & Equipment Co. v. Gray, 167 Okla. 494, 30 P. (2d) 901; Oklahoma City v. Arnold et al., 165 Okla. 294, 25 P. (2d) 651; Producers & Refiners Corporation v. McDougal, 166 Okla. 60, 26 P. (2d) 210, relating to the proper method to be pursued in computing compensation where claimant was engaged under a stagger system of employment; and to the cases defining the authority of the Commission to order medical expenses paid by employer collected in Skelly Oil Co. v. Skinner, 162 Okla. 150, at page 152, 19 P. (2d) 548.

The award entered November 15, 1933, by the State Industrial Commission is, for the foregoing reasons, vacated, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

RILEY, C. J., and McNEILL, BAYLESS, and WELCH, JJ., concur.