## PRAIRIE COTTON OIL CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

### No. 29373.   May 14, 1940.

Rehearing Denied June 4, 1940.

*102 P. 2d 944.*

S. S. Wachter and Ames, Cochran, Monett, Hayes & Ames, all of Oklahoma City, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   On September 22, 1938, the respondent, William Herbert Bradley, filed his first notice of injury and claim for compensation, alleging that on September 12, 1938, he sustained an accidental injury arising out of and in the course of his employment with the petitioner Prairie Cotton Oil Company,

a corporation, while he was working as a mechanic or mechanic's helper; that while carrying a 20-foot heavy boiler flue weighing about 100 pounds on his shoulder, he became unbalanced and fell and sprained his back when his foot slipped on the wet ground.

On the 7th day of July, 1939, the State Industrial Commission entered an award for the minimum of $8 per week under the "other cases" provision of subdivision 3, sec. 13356, O. S. 1931, 85 Okla. St. Ann. § 22, the provision dealing with awards for permanent partial disability. The petitioners, Prairie Cotton Oil Company and its insurance carrier, Maryland Casualty Company, seek to obtain a review of this award.

Petitioners present as their first proposition that there is no competent evidence reasonably tending to support the finding that the respondent was disabled as a result of the accidental injury of September 12, 1938. With this contention we cannot agree. Petitioners base their argument on the rule announced in Reynolds Drilling Co. v. Phillips, 163 Okla. 170, 22 P. 2d 111, and Tippett & Bond v. Moore, 167 Okla. 636, 31 P. 2d 583, in which this court held to the effect that the employer is responsible only for the disability which is the result of an accidental injury while the employee is engaged in its employment. In our opinion these cases are not in point. This court has repeatedly held that the cause of the disability and extent thereof are questions of fact to be determined by the State Industrial Commission from all of the facts and circumstances in connection therewith. New York Indemnity Co. v. Miller, 163 Okla. 283, 22 P. 2d 107; Grimshaw Const. Co. v. Bias, 184 Okla. 122, 85 P. 2d 304; J. B. Klein Iron & Foundry Co. v. State Industrial Commission, 185 Okla. 424, 93 P. 2d 751. As was said in New York Indemnity Co. v. Miller, supra, where there have been two accidents to an employee, the question of whether the disability sustained by him should be attributed to the first accident or to the second accident depends on whether or not the disability sustained was caused by a recurrence of the original injury or by an independent intervening cause. This is a question of fact to be determined by the State Industrial Commission, and if there is competent evidence to sustain the finding, an award based thereon will not be disturbed. Grimshaw Const. Co. v. Bias, supra; J. B. Klein Iron & Foundry Co. v. State Industrial Commission, supra; Deep Rock Oil Corp. v. Betchan, 169 Okla. 42, 35 P. 2d 905; Amerada Pet. Co. v. Thompson, 169 Okla. 45, 35 P. 2d 903.

It was the contention of the petitioners before the State Industrial Commission that the latter injury was not the cause of the disability, but that it was due to a pre-existing condition. This was gone into fully by both parties before the State Industrial Commission, and there is competent evidence to sustain the finding that the disability is the result of the accidental injury of September 12, 1938.

In this connection, in its second proposition, it is claimed by the petitioners that there is no evidence of an accident or accidental injury to the respondent on September 12th, and that under the rule announced by this court in McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32, this court will weigh the evidence to determine the question. Petitioners contend that if this court should weigh the evidence, it would be found that there was not sufficient evidence to sustain the finding that the respondent sustained an accidental injury while in the course of his employment with the petitioner Prairie Cotton Oil Company. With this contention we cannot agree. We find positive evidence of an accidental injury in the testimony of respondent. He stated that he slipped and fell with a heavy boiler flue on his shoulder. Under the rule announced in Le-Flore-Poteau Coal Co. v. Thurston, 184 Okla. 178, 86 P. 2d 284, upon a review of the evidence, we are of the opinion that it is sufficient to support the finding that the respondent sustained an accidental injury arising out of and in the course of his employment.

Award sustained.

BAYLESS, C. J., and RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., dissents. CORN and GIBSON, JJ., absent.