[Civil No. 4647. Filed December 13, 1943.]

[143 Pac. (2d) 888.]

LEE MOOR CONTRACTING COMPANY and EM-
PLOYERS' LIABILITY ASSURANCE COR-
PORATION, LIMITED, Petitioners, v. THE
INDUSTRIAL COMMISSION OF ARIZONA;
RAY GILBERT, EARL G. ROOKS and FRED
E. EDWARDS, as members of and constituting
The Industrial Commission of Arizona; and
J. B. RHOADES, Respondents.

Messrs. Jennings & Salmon and Mr. Ozell M.
Trask, for Petitioners.

Mr. H. S. McCluskey and Mr. Fred O. Wilson, for Respondent Industrial Commission.

Messrs. Cox & Cox, of Phoenix, Arizona, and Mr. Jacob H. Steinberg, of New York City, for Respondent Rhoades.

WINDES, Superior Judge.—J. B. Rhoades, hereinafter referred to as claimant, was employed by petitioner, Lee Moor Contracting Company, and while so employed, on July 17, 1939, jumped to escape a falling crane boom and as a result thereof injured his left ankle. He was treated from that date continuously by Dr. J. H. Patterson and a number of other physicians and surgeons up until August 7, 1940, when the first findings and award were made in the case awarding him temporary disability for the time he had been away from work and, in addition, giving him an award of permanent partial disability equaling 10% of the loss of the function of the left foot. A petition for rehearing was filed and a hearing granted upon which the Commission entered its decision upon rehearing affirming the award of August 7, 1940. This decision upon rehearing was filed October 18, 1940. No appeal was taken from this award and it thereupon became final. Subsequently, and on March 12, 1941, a petition to reopen the case was filed alleging an increase in the disability, a hearing was granted and a decision was made upon that rehearing awarding an additional sum of $459.38 for traumatic neurosis. This award was made on July 7, 1941, and became final, no motion for rehearing having been filed or appeal taken. Thereafter, and on March 2, 1942, an application for readjustment of compensation was filed. A hearing on this application was denied by the Commission, which denial resulted in an appeal to this court

by *certiorari* and a decision setting aside the order of the Commission denying a hearing on the application for readjustment of compensation. *Rhoades* v. *Lee Moor Contracting Co.*, 60 Ariz. 161, 132 Pac. (2d) 432. Following this decision a rehearing was had and as a result thereof the Industrial Commission found, in addition to matters not herein contested, the following:

"That on July 17, 1939 said applicant, among the injuries, sustained an injury to his back which aggravated, accentuated, accelerated, and exacerbated a pre-existing arthritic condition in his spine. That the aggravation of said arthritis has progressively increased; that by reason of the traumatic aggravation of said arthritic spine and by progress of same, applicant has been temporarily and totally disabled at all times subsequent to the filing of his application for readjustment of compensation on the 2nd day of March, 1942; that in all reasonable probability said temporary total disability will continue indefinitely or until relieved in whole or in part by proper medical care; and that said disability resulted from the aggravation of the pre-existing arthritic spine resulting from the injury to the claimant's spine on the 17th day of July, 1939, and the progress of the same entitling said applicant to 65% of his average monthly wage of $156.00 per month, plus dependent's allowance of $10.00 per month, not to exceed 100 months, from which 100 months there is to be credited and deducted $1,392.50, representing the period from July 18, 1939 to July 26, 1940."

The contention is that for lack of evidence the Commission was not legally warranted in finding that claimant had sustained an injury to his back and in finding that there was any disability due to aggravation of a pre-existing diseased spine caused by the injuries sustained.

Claimant testified that in addition to the ankle injury he sustained an injury to his back, close to the

bottom of his spine, between his hips and the bottom of his spine. Shortly after the accident, according to claimant and Dr. Patterson, the attending physician, he complained about his back. Several doctors gave expert testimony. There seems to be no question that claimant at the time of the hearing was suffering not only with the ankle injury but likewise with an arthritic condition of the spine and that he was at the time totally disabled and unable to perform his usual work of manual labor. The dispute arises over the cause of the spinal condition. Doctors Patterson and James R. Moore believe there is no casual connection between the accident and the resulting injury and the existing spinal condition. On the other hand, Dr. Ralph Palmer, while recognizing that claimant had a pre-existing osteoarthritis which was not at the time of the accident causing disturbance, thinks there was perhaps sufficient force to aggravate this condition and stimulate it into an infectious type of progressive arthritis. The doctor further thinks that osteoarthritis found in most men over forty years of age who work with their backs will continue as such throughout life and not be disabling unless there occurs some circumstance introducing an infection or breaking down resistance to infection. And finally, Dr. Palmer testified:

"Q. In other words, it is your opinion that had he not received his injury by accident on or about July 17, 1939, nor any injury of magnitude enough to aggravate the arthritis, the arthritic condition, since the date of that injury that he would today still be able to do manual labor? A. Yes, that is my opinion.

"Q. And he isn't today, Doctor, able to do any manual labor, is he? A. No."

There was, therefore, evidence supporting the Commission's findings.

██ It is next contended that Dr. Palmer testified that approximately 25% disability should be ascribed to the accident, considering 25% as the aggravation of the condition already present but inactive at the time of the accident, and, therefore, assuming a casual connection between this present condition and the injury, the Commission could not legally find the disability entirely due to. the accident .but would have to apportion or allocate the disability and compensation accordingly. There is some division.of judicial thought on this subject. Some of the decisions are the result of the construction of specific statutes. In the absence of specific statutes requiring a different conclusion, the best rule seems to be that when a disability is attributable to injury that is compensable it is not necessary to apportion the disability between the concurring causes. *Deep Rock Oil Corporation* v. *Betchan,* 169, Okl. 42, 35 Pac. (2) 905, 102 A. L. R. 786; *Amerada Petroleum Corporation* v. *Thompson et al.,* 169 ·Okl. 45, 35 Pac. (2d) 903; *Zurich General Accident & Liability Ins. Co.* v. *Daffern,* 5 Cir., 81 Fed. (2d) 179; *Hills* v. *Oval Wood Dish Co.,* 191 Mich. 411, 158 N. W. 214.

Petitioner presents cases from Oklahoma which do seem at first reading to sustain his position. Be that as it may, that jurisdiction when subsequently presented with a situation substantially as the case at bar, held there should be no apportionment. *Deep Rock Oil Corporation* v. *Betchan, supra.* In deciding this case the Oklahoma Supreme Court said [169 Okl. 42, 35 Pac. (2d) 907, 102 A. L. R. 786]:

"Petitioner, as we understand him, places his argument somewhat as follows: The arthritis existing is sufficient alone to cause the disability or a considerable part of it. Arthritis is a slowly developing process. X-ray pictures taken in September, 1932, and in July, 1933, show no progression in the arth-

ritic condition. Therefore the condition existed prior to the accident, was not aggravated by it, and caused, or principally caused, the disability. Sufficient answer to this, we think, lies in the fact that claimant did not have his present disability prior to the accidental injury of August 18, 1932, and did have it directly following that incident. Dr. McComb saw the X-ray photographs, and still testified that the injury probably affected the present condition by aggravating the arthritis. For these reasons we think the evidence authorized the commission to find that the disability following the accident of August 18, 1932, resulted from that injury alone or in combination with the pre-existing disease by aggravating it."

Likewise, the Supreme Court of Oklahoma in the case of *Amerada Petroleum Corporation* v. *Thompson, supra* [169 Okl. 45, 35 Pac. (2d) 904], said:

"The evidence, in our opinion was sufficient to justify the commission in concluding that the accidental injury of May 24, 1933, concurring with the injury received in 1931, as a physical cause, resulted in temporary total disability. Our court, in conformity with the generally accepted rule, has held that disability caused by an accidental injury in conjunction with a predisposition to the ensuing condition is compensable under the Workmen's Compensation Law (St. 1931, § 13348 *et seq.* [85 O. S. 1941 § 1 *et seq.*]) *without apportionment among the concurring causes. . . .* " (Italics ours.)

 There is a distinction between a pre-existing condition which is dormant and not disabling at the time of the accident and is stimulated into disability by reason of the accident, and a pre-existing disability that is added to by a second disability. In the case at bar, claimant was performing his daily manual labor with no disabling effects from his pre-existing condition up to the time of the accident, but has been disabled since. At the time of the acci-

dent he had no disability. True, he had a condition, which was susceptible of becoming a disability when aggravated. Section 56–957, Arizona Code 1939, does not require the Commission to give effect to such a condition and attempt to apportion the concurring causes. That section only requires the Commission to take into consideration previous disability. That means an existing disability at the time of the injury,—something that affects his earning power.

The amended findings and award include $459.38 by reason of traumatic neurosis. This item was included in a prior award and it is stipulated by counsel that there is to be no duplication thereof. There is to be but one award for this item of $459.38 by reason of traumatic neurosis.

The award is affirmed.

ROSS and STANFORD, JJ., concur.

Because of the illness of Chief Justice Mc-ALISTER, the Honorable Dudley W. Windes, Judge of the Superior Court of Maricopa County, was called in to sit in his place and stead.