237 P.2d 471

WILLIAMS v. INDUSTRIAL COMMISSION OF ARIZONA et al.
No. 5539.

Supreme Court of Arizona.
Nov. 14, 1951.
Rehearing Denied Dec. 18, 1951.

Udall & Peterson, of Safford, for petitioner.

H. S. McCluskey, of Phoenix, (Robert E. Yount and Robert W. Pickrell, Phoenix, of counsel), for respondent Industrial Commission of Arizona.

LA PRADE, Justice.

Certiorari to review an award of the Industrial Commission. In June, 1949, petitioner sustained personal injuries by accident arising out of and in the course of his employment. On November 6, 1950, the commission entered its findings and award for permanent partial disability, which findings and award were affirmed on rehearing.

With reference to the injuries or a residue thereof, the evidence appears to be in conflict. The medical evidence is to the effect that petitioner has suffered a 45% disability of loss of use of the right foot and a 50% plus disability of loss of use of the left arm which were translated into a 35% general functional disability.

Evidence at the time the record was made disclosed that at the time of the

injury petitioner was employed as a lineman by the respondent public utility and earning $250 per month; that on June 1, 1950 he returned to his old job at the reduced monthly wage of $200 per month due to the fact that when he returned to employment he was not able to render full service; that at the date of the award, to wit, November 6, 1950, he was still earning $200 per month; that on December 1, 1950, some 24 days after the award, his wage was raised to $247.50 per month and on or about March 15, 1951 he was receiving the full wage then being paid for the position, namely $285 per month, and continued to and was receiving the increased and full wage at the time the rehearing was determined on May 23, 1951.

The award was predicated upon the provisions of section 56–957, A.C.A.1939, subsections (c) and (d), and the injuries were treated as unscheduled. It was specifically found: "That the physical injury caused by said accident consisted of multiple injuries" and "that said applicant has suffered a 20% loss of earning power, and is entitled to 55% of the difference between $250.00 and $200.00 which is the sum of $27.50, payable monthly until further order of the Commission." No complaint is made concerning the accident benefits that were afforded nor the compensation that was paid for temporary disability. It is apparent that the award made was for permanent partial disability resulting from

unscheduled injuries not within the provisions of subsection (b) of section 56–957.

Petitioner's assignments of error and propositions of law in support thereof all go to the proposition that petitioner was entitled to be compensated under the provisions of section 56–957(b), 13, 15 and 21, relating to scheduled losses *and, in addition* thereto, was entitled to a loss of earnings award based on subsections (c), (d) and (e) of section 56–957. Compensable scheduled injuries are compensated for regardless of the fact that there may be no disability to earn wages as a result thereof. Sections 56–956, 56–957(b); Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396; Six Companies, Inc., v. Industrial Commission, 41 Ariz. 366, 18 P.2d 913; Ujevich v. Inspiration Consol. Copper Co., 42 Ariz. 276, 25 P.2d 273, 275. Compensable injuries of the unscheduled variety are compensable under the provisions of subsections (c) and (d) of section 56–957, and no compensation is allowable unless there has been a loss of earning power and this regardless of the fact that there may be some residual physical functional disability. Hoffman v. Brophy, 61 Ariz. 307, 149 P.2d 160.

The contention of petitioner is not a matter of first impression in this jurisdiction. In the case of Ujevich v. Inspiration Consolidated Copper Co., supra, the identical contention was there made that is presented here. In that case, peti-

tioner had suffered multiple injuries not falling within any of the enumerated multiple injuries provided for in subsection (c) of section 56–956 and specifically labeled as disabilities to be deemed total and permanent. As pointed out in the *Ossic* case, *supra*, the *specified multiple* injuries to be deemed total and permanent under the provisions of subsection (c) of section 56–956 are not exclusive. This subsection specifically states: "Such enumeration is not exclusive, and in all other cases permanent total disability shall be determined in accordance with the facts." It appeared in the Ujevich case, *supra*, that petitioner, in addition to an injury to his leg, suffered an injury or fracture of the left hip bone. Since an injury to the hip is not classified as specifically compensated for under subsection (b) of section 56–957, it was held that if the hip injury contributed in any way to the disability of the petitioner to work he was to be compensated therefor under subsections (c) and (d) of section 56–957. With reference to his contention that he was entitled to be compensated for his leg injury as a scheduled injury *and, in addition* thereto, for partial disability to work (loss of earning power) under the provisions of subsections (c) and (d) of section 56–957, this court said: " * * * We have not heretofore thought petitioner's claim correct, and after reading his analysis of the different parts of the statute, and giving his contention the serious consider-

ation it deserves, he has not convinced us that he is right. He cites no authority." Ujevich v. Inspiration Consol. Copper Co., *supra*. [42 Ariz. 276, 25 P.2d 274.] We wholeheartedly approve of this observation and think that it is entirely applicable to the contentions being made by the present petitioner. We are wholly unable to discern, as counsel for petitioner does, that the ultimate holding of this court in the Ujevich and Ossic cases sustain his position. It is our interpretation that the ultimate holding of those cases is to the effect that where an employee suffers injuries resulting in the permanent partial loss of the use of a leg *and* of an arm, compensation therefor must be determined under the provisions of section 56–957 (c) and (d), and that in determining the same the compensation must be based upon the loss of future earning capacity. With this interpretation we are in accord. There is no conflict in our decisions or departure therefrom. For other cases see Savich v. Industrial Commission, 39 Ariz. 266, 5 P.2d 779; Zagar v. Industrial Commission, 40 Ariz. 479, 14 P.2d 472; Ossic v. Verde Central Mines, *supra*; Six Companies, Inc., v. Industrial Commission, supra; Lee Moor Contracting Co. v. Industrial Comm., 61 Ariz. 52, 143 P.2d 888.

We specifically hold that compensation for multiple injuries such as suffered by petitioner here may not be determined by applying the schedules provided for in section 56–957 (b) and combining the

two scheduled losses. In such a case, no equitable award by way of compensation can be made without taking into consideration (a) the general functional disability and (b) loss of earning capacity upon the basis of the factors set forth in subsections (c) and (d) of section 56-957, which are exclusive. Petitioner was not entitled to be compensated upon the theory that he had suffered compensable scheduled injuries and, in addition thereto, entitled to compensation for his loss of earning capacity. Petitioner was entitled only to a loss of earnings award to be arrived at as indicated above, which was the formula used in the making of the award under review.

Award affirmed.

UDALL, C. J., and STANFORD and PHELPS, JJ., concur.

DE CONCINI, Justice (dissenting).

I disagree with the majority opinion.

Of all the cases cited by the majority opinion, the Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396, 401, is the latest and most nearly in point. I cannot agree that the Ossic case is authority for the commission to disregard the two partial scheduled losses and make its award solely under the "odd lot" cases as an unscheduled loss. I think the Ossic case is authority for the proposition that when an injured workman receives a scheduled injury whether its one, or more, and whether its total or partial, he is entitled as a minimum to an award that will compensate him for those scheduled losses in accordance with subsection (b) of 56-957, A.C.A. 1939; and in addition thereto he is further entitled to a loss of earnings award if his condition warrants it. The loss of earnings award to begin after the period provided for his monthly installments for scheduled injuries has expired.

This court in the Ossic case quoted the following from Ujevich v. Inspiration Consol. Copper Co., 42 Ariz. 276, 25 P.2d 273: " 'The Legislature selected certain kinds of injuries or losses that employees suffer and fixed a definite sum or a rule for ascertaining that sum and said, in effect, such sum together with the temporary total disability compensation shall be in full satisfaction of the employee's loss. It provided compensation for such loss whether any permanent disability to earn wages followed or not. It assumed that every loss enumerated would cause some permanent loss of earning power, and arbitrarily fixed the compensation therefor. While the application of this rule may in some instances compensate the employee more than he has been disabled, in others he doubtless will receive less than his ability has been depreciated by reason of the accident'."

After analyzing 56-957 (sec. 1438 of the 1928 code) this court further held: " * *. These facts are evidence that the Legis-

lature has realized that in compensation cases two plus two does not necessarily equal four, but in some cases may equal six or more. We are of the opinion that this rule, which the Legislature has specifically adopted for certain classes of multiple injuries, is in logic and in justice the one which should be applied to all cases of such injuries, where another rule is not expressly set forth in the statute. * * *"

If the interpretation put on the Ossic case by the majority opinion is the law, then the commission could in a case where there is no loss of earnings make an award under the "odd lot" case rule for a negligible amount or nothing at all, and completely disregard the statute which gives the injured workman a specific sum when he suffers multiple partial scheduled injuries as he has in this case.

The award should be set aside.