269 P.2d 604

**ENGLE**

v.

**INDUSTRIAL COMMISSION et al.**

No. 5826.

Supreme Court of Arizona.

April 26, 1954.

Rehearing Denied May 25, 1954.

Herbert B. Finn, Phoenix, for petitioner.

John R. Franks, Phoenix, for respondent Industrial Commission, Robert E. Yount, Donald J. Morgan and Robert K. Park, Phoenix, of counsel.

PHELPS, Chief Justice.

On May 10, 1951, petitioner Engle while in the employment of Reynolds Metals Company was injured by accident arising out of and in the course of his employment. At the time of injury he was performing the duties of a "general helper" in the finishing department in running aluminum bars or strips through a machine and somehow got his hands caught between two metal rollers, severely injuring the fingers of both hands. The index, middle, ring and little fingers of the right hand were so

mangled that they had to be amputated resulting in 100 percent loss of each of these fingers. On his left hand he also suffered a 100 percent loss by amputation of his middle finger; 90 percent functional loss of the ring finger and 25 percent functional loss in both the index and little fingers. Neither thumb was injured. Petitioner, at the time of the injury, was 24 years old and in good health. He was righthanded. At the time he was receiving wages of $1.33 per hour.

On August 26, 1952, the commission made and entered its decision, findings and award, finding that as a result of the combination of all of the injuries sustained by petitioner he had suffered a functional disability loss of 35 to 40 percent. The commission, however, denied petitioner compensation upon the ground that the injury sustained by him had caused him no financial loss inasmuch as he was then making higher wages after the injury than he had made prior thereto. Application for rehearing was thereafter granted and on June 25, 1953, the award of August 26, 1952, was affirmed. It is from this latter finding and award that the case comes to us on certiorari.

Petitioner claims first that the commission erred in finding that he had suffered no loss in his earning capacity in face of its finding that he had suffered a 35 to 40 per cent functional disability loss; and secondly, that if its finding that petitioner had suffered no loss in his earning capacity is correct, the commission erred when it classified his injuries under section 56–957(c), A.C.A.1939, being the so-called odd-lot classification instead of under subsection (b) thereof known as "scheduled injuries". Although not raised in the assignments of error, petitioner has argued that even though he is classified under subsection (c) notwithstanding that fact he is entitled to compensation under the provisions of subsection (b) regardless of whether he has suffered any loss in his earning capacity. The answer is that he is entitled to compensation either under the provisions of subsection (b) or subsection (c). Having been classified under the provisions of subsection (c) and properly so the commission is without power to make an award under subsection (b) as will be hereinafter clearly shown. Counsel recognizes that the court has held to the contrary in the case of Williams v. Industrial Commission, 73 Ariz. 57, 237 P.2d 471. We do not feel disposed to overrule that opinion. It has been held to be the law in a number of other cases including Rose v. Industrial Commission, 52 Ariz. 466, 83 P.2d 786; Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396; and Ujevich v. Inspiration Consol. Copper Co., 42 Ariz. 276, 25 P.2d 273.

In the Ossic case the court in substance said that the legislature in its wisdom had fixed a specific and arbitrary compensation for certain specific injuries, to wit,

those in subsection (b) of section 56–957, A.C.A.1939, and had in effect said that the amount so fixed should be deemed conclusively adequate for the loss of earning power resulting therefrom. The court further said [46 Ariz. 176, 49 P.2d 401]:

"* * * Of course, when the injury consists of one of the specified scheduled ones [injuries] and of that alone, the commission is without jurisdiction to make an award on any different basis than that set forth in the statute, * * *."

and in quoting from Ujevich v. Inspiration Consol. Copper Co., supra, 25 P.2d at page 275 the court continued:

"* * * 'The Legislature selected certain kinds of injuries or losses that employees suffer and fixed a definite sum or a rule for ascertaining that sum and said, in effect, such sum together with the temporary total disability compensation shall be in full satisfaction of the employee's loss. It provided compensation for such loss whether any permanent disability to earn wages followed or not. It assumed that every loss enumerated would cause some permanent loss of earning power, and arbitrarily fixed the compensation therefor. While the application of this rule may in some instances compensate the employee more than he has been disabled, in others he doubtless will receive less than his

ability has been depreciated by reason of the accident.'"

The court further said in Ossic v. Verde Central Mines, supra, that:

"* * * It [the legislature] has also recognized the undoubted fact that the actual loss of earning power occasioned by a combination of two or more separately scheduled injuries may be much greater than the amount reached by merely adding together the losses presumed to be caused by each of such injuries considered separately. * * *"

following this statement with examples where the legislature has provided so much loss of earning power for the loss of one eye, one foot, or one hand and instead of doubling it for the loss of two eyes, two feet or two hands, has provided that such a loss would result in total permanent disability. The court further stated:

"* * * that when the Legislature has scheduled several injuries to be compensated at a fixed rate when incurred separately, and several of such injuries are received at the same time, the commission must consider the total picture of all the injuries in computing the extent of the disability, rather than merely adding the amounts allowed for the several separate and distinct injuries. That the Legislature intended this method of procedure we think is evidenced by the following lan-

206

guage occurring in section 1438, [now 46–957 as amended] supra, after the statement of the various scheduled injuries and the compensation allowed therefor: 'Where there is a previous disability, as the loss of one eye, one hand, one foot, or any other previous disability, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury.'

"By the terms of this provision, if two scheduled injuries are received at different times, the commission is directed to determine the entire disability as it exists after the second injury, and in apportioning the compensation for which the last employer is responsible, to deduct the percentage of the first disability from the total disability as it existed after the subsequent injuries. If the complete effect is the test when the injuries are received separately, we see no reason why it should not be the same when they are received simultaneously."

It follows from the language of the court above quoted that it is the settled rule in this state that the commission must make its finding and award under the provisions of subsections (c) and (d), section 56–957, supra, where there is a combination of scheduled injuries which would otherwise be compensable under the provisions of subsection (b). Certainly, as above stated, petitioner is not entitled to compensation under both scheduled and unscheduled injuries. It is further the law in this state that it is only injuries which produce financial loss to the injured party that entitle him to compensation. Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649. This, however, does not affect his right to medical benefits. Lowman v. Industrial Commission, 54 Ariz. 413, 96 P.2d 405.

It appears at first blush that petitioner in this case has suffered severe injury for which he is not being compensated. This, in a sense, is true so far as the present is concerned. If, however, the court in its previous opinions had strictly limited relief to the injured person where he had suffered scheduled injuries to the amounts therein named, the compensation received would in many cases be insignificant in comparison with the amount to which he may be entitled under the provisions of subsections (c) and (d). Petitioner, at any time in the future if there occurs a change in his physical condition or in his earning power as a result of his disability, may apply to the commission for compensation and be awarded such amount as his changed physical condition or his diminished earning power warrants. Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217.

We have frequently held that the Workmen's Compensation Act was enacted for the purpose of relieving him of the burdens of personal injury and placing that burden upon industry and that the Act should be so construed as to give the working man every benefit to which he is entitled. We believe the construction heretofore, and now, placed upon the provisions of section 56–957, supra, accomplishes that purpose.

Award affirmed.

STANFORD, LA PRADE, UDALL and WINDES, JJ., concur.