595 P.2d 657

**Earl R. FULLEN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Red River Land and Cattle Company, Respondent Employer,**

**Aetna Insurance Company, Respondent Carrier.**

**No. 13919–PR.**

Supreme Court of Arizona,
In Banc.

April 3, 1979.
Rehearing Denied May 30, 1979.

**426**

Philips & Taylor by Christopher J. Philips, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel The Industrial Com'n of Arizona, Phoenix, for respondent.

Lewis & Roca by Merton E. Marks, R. Kent Klein, Phoenix, for respondent employer and respondent carrier.

CAMERON, Chief Justice.

This is a petition for review of a memorandum decision of the Court of Appeals, Division One, which affirmed the Commission's holding that a petition to reopen was not filed in time to cover an industrially related operation on petitioner's knee. We take jurisdiction pursuant to Rule 47(b), Rules of the Supreme Court, 17A A.R.S.

We must answer the following questions on appeal:

1. Was the letter to the Industrial Commission of 2 January 1975 seeking to reopen ineffective because it was not signed by the petitioner?

2. Did the statement of the physician have to be attached to the letter in order for it to be deemed to have "accompanied" the petition to reopen?

3. Was the letter from the doctor's medical secretary a "statement of the physician" when it was not signed by the doctor?

Petitioner Earl R. Fullen injured his knee while stepping down from a piece of heavy equipment at his Douglas, Arizona, job on 5 September 1972. After treatment and surgery by Dr. W. E. George, a Phoenix orthopedic surgeon, a final award of a scheduled 30% left leg permanent disability was entered on 24 October 1974.

By the middle of December 1974, it was apparent that more treatment was necessary. Dr. George's secretary, Jacqueline Manker, made attempts to contact the insurance carrier but "no one returned [her] calls." On 2 January 1974, Fullen's then attorney sent a letter to the Industrial Commission that read:

"Re: Earl R. Fullen
I.C.A. Claim No. 2/6 81–72
Carrier Claim No. WC 70 92 65

"Dear Sirs:

"Please be advised that my client Mr. Earl Fullen has been informed that Dr. George has recommended surgery on his hip [sic] as a result of the industrial injury suffered 9–5–72. Dr. George has asked that Mr. Fullen be admitted on January 4th and surgery is to be performed on January 6th. Under the circumstances, and in light of these new developments we hereby submit a request to reopen Mr. Fullen's case for further consideration and possible additional compensation. Please advise me on this at your earliest convenience."

The letter was not signed by Fullen and no written medical report was enclosed with the letter.

The Commission received the letter on 6 January 1975. Dr. George performed further surgery on Fullen's injured knee on 7 January 1975. The Commission sent its form letter on 13 January 1975 to Fullen's address in Douglas and to his Douglas attorney advising by check mark before the appropriate paragraph:

"We are furnishing the form necessary to petition to reopen your claim as you requested. This petition must be accompa-

nied by medical evidence from a physician in support of the claim of new or additional disability. CONSIDERATION CANNOT BE GIVEN WITHOUT THIS SUPPORTING EVIDENCE and such report must be filed within FOURTEEN DAYS after the filing of the petition."

Although the Commission's letter stated that a proper form of petition to reopen was enclosed, in fact such form was not enclosed. Fullen thereafter retained other counsel.

A petition to reopen upon the Commission's form, signed by Fullen, was filed on 28 January 1975. This petition was supported by a 24 January 1975 letter from Dr. George's office addressed to Fullen's Douglas attorney which read:

"January 24, 1975

"To: Mr. Jose Lerma

From: Mrs. Jacqueline Manker,
    Medical Secretary

Remarks: RE: Earl Fullen—1CA Claim
            2/6–81–72
        Carrier Claim No. WC 70 92 65

"Dear Mr. Lerma:

"As per your telephone request this is to certify that Mr. Earl R. Fullen did in fact have a total knee replacement, utilizing the geomedic prosthesis because of increasing pain in his left knee. Mr. Fullen was admitted to Good Samaritan Hospital on 1–5–75 and surgery was performed on 1–7–75. Several attempts prior to hospitalization was made to contact the carrier (Aetna) but no one returned my calls. I finally got to speak to Mr. Shippy and he said no action could be taken until you and the Industrial Commission gave them permission and ask them to do so.

                Sincerely,

                /s/ J. Manker
                (Mrs.) J. Manker, Med. Secy.
                W. E. George, M.D.         "

It is not questioned that Fullen's claim was meritorious. The carrier, however, questioned the Commission's jurisdiction to reopen the claim as of a date prior to the operation on 7 January 1975 because of the failure of Fullen to follow the proper procedure. The hearing officer agreed and held that the petitioner was entitled to benefits only after 29 January 1975, the date the petition to reopen was deemed properly filed by the Commission. Surgical and hospital benefits for the knee operation of 7

January were denied. The Court of Appeals affirmed in an unpublished decision. We granted Fullen's petition for rehearing.

## WAS THE JANUARY LETTER SUFFICIENT?

The hearing officer found:

"[T]he document filed on January 6, 1975, is not sufficient for a PETITION TO REOPEN for two reasons:

(a) It was not accompanied by the medical report from a physician setting forth the physical condition of the applicant relating to the claim nor was any such document filed until January 29, 1975. This is not in accordance with [§ 23–1061(H) or Commission Rule 33].

(b) The document filed on January 6, 1975, is signed by the then attorney for the applicant and not by the applicant as required by [Rule 33(a)]."

The Arizona Workmen's Compensation Act provides that injured workmen may petition for a reopening of their industrial claims. A.R.S. § 23–1061(H) states:

"An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition, which petition shall be accompanied by a statement from a physician setting forth the physical condition of the employee relating to the claim. The payment for such reasonable and necessary medical, hospital and laboratory work expense shall be paid for by the employer or the employer's insurance carrier if the claim is reopened as provided by law and if such expenses are incurred within fifteen days of the filing of the petition to reopen. No surgical benefits or monetary compensation shall be payable for any period prior to the date of filing of the petition to reopen."

The Industrial Commission has, pursuant to A.R.S. § 23–921(B), promulgated its own

rules of procedure. Rule 33 * of its rules states in relevant part:

"(a) Petitions for Reopening of a Claim Based on New, Additional Or Previously Undiscovered Disability or Condition shall be filed with the Commission on forms prescribed by the Commission and which are available upon request. Said petition shall be completed in full, signed by the employee and shall be accompanied by a statement from a physician setting forth the physical condition of the employee relating to the claim.

"(b) A Petition to Reopen Based on New, Additional Or Previously Undiscovered Disability Or Condition not accompanied by a statement from a physician shall not be considered filed until the date the medical report is received by the Commission.

"(c) If the statement of the physician is not received within fourteen (14) days after the receipt of a Petition to Reopen Based on New, Additional Or Previously Undiscovered Disability Or Condition, the Commission shall notify in writing all parties in interest that a petition to reopen has been received without the required physician's statement, and no action of acceptance or denial shall be required of the insurance carrier or employer."

■■■ The requirement in the rule that the petition be submitted on Commission forms and be signed by the petitioner is not required by the statute and there is nothing in the statute to prevent an attorney from filing a petition for and on behalf of his client. Fullen then is being denied the right to petition to reopen not because of the statute but because of additional requirements contained in the rules of the Commission. Our Court of Appeals has stated:

"The general law regarding the power and authority of an administrative agency to make rules and regulations to carry out its statutory responsibilities is clear. An administrative agency must exercise any rule making authority granted by

statute within the framework of that statutory grant. There is no authority or power to create a rule or regulation out of harmony with the statutory grant and any effort to do so will be considered an usurpation of the constitutional powers vested in the legislative body." *Adams v. Industrial Commission*, 26 Ariz.App. 289, 290, 547 P.2d 1089, 1090 (1976).

The requirement that a petition must be signed by the workman and not his attorney is not in harmony with the statute. The Commission may not, by rule, restrict a workman's right to be represented by an attorney.

■■■ Neither do we find that the workman may only petition on forms provided by the Commission. Using Commission forms would result, of course, in uniformity and would be the more desirable way of bringing notice to the Commission that the petitioner needed further medical attention. Commission forms, however, as was the case here, are not always timely available. Neither are they required by statute. The application of Commission Rule 33 to the facts of this case with the resultant finding that the petition of 2 January 1975 was ineffective goes beyond the legislative mandate. The Commission had adequate and timely notice and the petition was not, we believe, ineffective for the 7 January operation.

## ACCOMPANYING MEDICAL REPORT

The statute quoted above, A.R.S. § 23–1061(H), provides that a petition to reopen shall be "accompanied" by a "statement from [the] physician setting forth the physical condition of the employee relating to the claim."

■■■ The Commission has provided by rule that the medical report need not be filed contemporaneously with the petition and we agree. It may follow at a reasonable length of time and still be logically considered to have accompanied the petition. Quite often the medical report must

* Current version, A.C.R.R. R4–13–133.

await surgery or further examination to be meaningful. To require a workman to defer needed medical attention until a report is filed would be contrary to the purposes of the Act and contrary to sound medical practice. We believe that as long as the medical report is filed within a reasonable time after the petition to reopen, it will be deemed to have accompanied the petition.

## WAS DR. GEORGE'S LETTER PROPER?

As noted above, the statement of the physician was a letter signed by Dr. George's medical secretary. The following testimony concerning the letter of 24 January 1975 from Dr. George's office was taken from Dr. George:

"MR. PHILLIPS: Q Doctor, is this the type of thing you would give her [Mrs. Manker] authority to write?

"A Yes, she doesn't do these de novo. She does things under my direction. She's not an independent agent. I really don't recall the specific questions. In my mind there was no question in the responsibility of this case. The report clearly stated what I believed to be true and fair and I'm sure that I said, 'Well, hell with it. We're going to do it,' and I said, 'send that letter,' you know."

On cross-examination, Dr. George acknowledged that he had not dictated the letter to his secretary but that he "simply stated to her * * * the thought content of the letter and told her to compose it and send it off."

It is unquestioned that the letter represented Dr. George's thinking at the time and he later completely and unequivocally ratified its contents. We believe that the letter is a "statement from a physician" within the meaning of the statute and the rule.

### CONCLUSION

A remedial statute such as the Workmen's Compensation Act is to be construed liberally to effectuate its purpose in protecting its beneficiaries and compensating valid claims:

"The intention of the Legislature, and the long line of case law interpretation by the Court, has been that the interpretation of the Workmen's Compensation Law is to be a liberal one. *Jones v. Industrial Commission*, 1 Ariz.App. 218, 401 P.2d 172 (1965). We believe that the corollary of this is that the procedure should be simplified. The Supreme Court in *Allen v. Industrial Commission*, 87 Ariz. 56, 347 P.2d 710 (1959) admonished the Commission that proceedings before it are not adversary proceedings and that it is as much the duty of the Commission to encourage and evaluate proper claims fairly as it is to expose and reject improper claims. The intention of the Workmen's Compensation Act was to provide benefits for workmen injured in the course and scope of their employment, and to do so by a relatively informal administrative procedure which would be less cumbersome and time consuming than formal court action." *Lugar v. Industrial Commission*, 9 Ariz.App. 44, 49, 449 P.2d 61, 66 (1969). See also *Engle v. Industrial Commission*, 77 Ariz. 202, 269 P.2d 604 (1954).

Although Rule 33 may be "reasonable" on its face within the meaning of the rules-enabling statutes, A.R.S. §§ 23–1044(G) and 23–921(B), as applied to the petitioner in this case, it would require that we leave an injured workman victimized by a failure in technical pleadings by his attorney and doctor. To do so would be an exaltation of form over substance in a fashion long abandoned by our courts.

The decision of the Court of Appeals is vacated. The award is set aside.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.