OPINION
CORCORAN, Judge.
This is a special action review of an Industrial Commission order dismissing for lack of jurisdiction a widow’s petition to commute death benefits to a lump sum. One legal issue is presented: whether A.R.S. § 23-1067 allows commutation of death benefits awarded under A.R.S. § 23-1046(A)(2). Because it does not, we affirm the order of dismissal.
The facts are simple and undisputed. The widow’s late husband was killed on the job and she was awarded death benefits under A.R.S. § 23-1046(A)(2). With the petitioner carrier’s consent, she petitioned the Commission to commute the compensation to a lump sum of $20,000.00. The petition represented, inter alia, that she intended to remarry soon. The Commission dismissed the petition without considering its merits because A.R.S. § 23-1067 did not allow commutation of death benefits. This Special Action — Industrial Commission followed.
A.R.S. § 23-1067 states:
A. The commission may allow commutation of the compensation awarded pursuant to § 23-1044, subsection B, to a lump sum payment not to exceed twenty-five thousand dollars, with or without the consent of the carrier liable for the commutation,
B. The commission may allow commutation of compensation pursuant to § 23-1044, subsection C, and § 23-1045, subsections B, C and D, to a lump sum not to exceed twenty-five thousand dollars, with the consent of the carrier liable to pay the claim,____
A.R.S. § 23-1046(A)(2) states:
A. In case of an injury causing death, the compensation therefor shall be known as a death benefit, and shall be payable in the amount, for the period, and to and for the benefit of the persons following:
2. To the surviving spouse, if there is no child, thirty-five per cent of the average wage of the deceased, to be paid until such spouse’s death or remarriage, with two years’ compensation in one sum upon remarriage.
(Emphasis added.) The commutation statute allows commutation of scheduled disabilities without carrier consent and commutation of unscheduled partial and total disabilities with carrier consent. A.R.S. § 23-1067. It omits § 23-1046 death benefits from both classifications.
The petitioners argue that this classification was intended merely to specify when carrier consent is necessary. This argument simply ignores subsection 23-1067(A), which specifies when carrier consent is unnecessary and which omits § 23-1046 death benefits. We therefore reject this interpretation.
The petitioners also argue that the intent of the workers’ compensation law is remedial and therefore the commutation statute should be liberally interpreted. Although the act is remedial and should be liberally interpreted, see, e.g., Fullen v. Industrial Commission, 122 Ariz. 425, 595 P.2d 657 *317 (1979), this principle does not permit us to “read into a statute something that is not within the manifest intent of the Legislature as gathered from the statute itself.” Collins v. Stockwell, 137 Ariz. 416, 671 P.2d 394 (1983). The Legislature did not include § 23-1046 death benefits under the commutation statute. This court cannot include it under the guise of liberal interpretation.
The petitioners lastly argue that their liberal interpretation advances the policy of allowing commutation when in the recipient’s best interest. This argument begs the question. The policy applies to the recipient of § 23-1046 death benefits only if A.R.S. § 23-1067 allows commutation of these benefits. Moreover, this argument ignores the specific provision in § 23-1046(A)(2) for limited commutation of death benefits upon the surviving spouse’s remarriage. Statutes that relate to the same thing must be read together to give effect to all parts of the law on the same subject. Collins v. Stockwell, 137 Ariz. at 420, 671 P.2d at 397. To allow commutation under § 23-1067 would ignore the specific limitation under § 23-1046(A)(2).
For the foregoing reasons, the Industrial Commission properly concluded that A.R.S. § 23-1067 does not allow commutation of § 23-1046 death benefits. Accordingly, it properly dismissed the petition for lump sum commutation.
The order of dismissal is affirmed.
MEYERSON, P.J., and BROOKS, J., concur.