786 P.2d 1072

**ST. VINCENT DE PAUL THRIFT STORE, Petitioner Employer,**

**State Compensation Fund, Petitioner Carrier,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**v.**

**Robert Utter, Respondent Employee.**

**No. 2 CA–IC 89–0027.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 18, 1990.

Christopher E. Kamper, Chief Counsel, State Compensation Fund by Mark R. Christensen, Tucson, for petitioners.

Anita R. Valainis, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Dix & Waterman by David M. Waterman and Gai A. Lorenzen, Tucson, for respondent employee.

OPINION

LIVERMORE, Presiding Judge.

Robert Utter suffered a cervical herniated disc while employed by St. Vincent De Paul Thrift Shop. His claim for workers' compensation benefits was denied and hearings were held. On January 20, 1989, the administrative law judge issued an award for a compensable claim. On February 17, 1989, petitioners filed a request for review pursuant to A.R.S. §§ 23–942 and –943 requesting review of the entire record "and, specifically, of those matters raised in the Memorandum of Points and Authorities to be filed on or before February 21, 1989." The supporting memorandum was filed on February 21, the same day on which the administrative law judge issued his notice of review. The following day the administrative law judge notified counsel for the State Compensation Fund that "[i]nasmuch as your Memorandum of Points and Authorities violates A.R.S. § 23–943A, it is being returned to you." The award was affirmed upon review and this special action followed.

The only issue before us is whether the administrative law judge erred in refusing to consider and to place into the record the separately filed memorandum of points and authorities.

The award of an administrative law judge is final unless one party files a request for review within 30 days after a copy of the award is mailed to the parties. A.R.S. § 23–942(D). Because the thirtieth day after the award in his case was on a weekend and because the following Monday was a holiday, the last day to request review was February 21, the day on which the memorandum was filed. Section 23–943(A) provides:

> The request for review of an administrative law judge award need only state that the party requests a review of the award. The request may be accompanied by a memorandum of points and authorities, in which event any other interested party shall have fifteen days from the date of filing in which to respond. . . .

Given no further explanation for his ruling, we must assume that the administrative law judge interpreted the word "accompany" as used in § 23–943(A) as requiring that memoranda of points and authorities be filed simultaneously with requests for review. For the reasons set forth below, we find this interpretation too restrictive.

It is well established that workers' compensation statutes are to be liberally construed to effect their purpose. *Fullen v. Industrial Commission*, 122 Ariz. 425, 595 P.2d 657 (1979); *Coca–Cola Bottling Co. of Tucson v. Industrial Commission*, 23 Ariz.App. 496, 534 P.2d 304 (1975). It is equally well established that proceedings before the Industrial Commission are not adversarial, but rather are intended to provide an orderly process whereby each claim is fairly evaluated on its merits. That the exaltation of form over substance frustrates that purpose was recognized in *Fullen, supra,* where our supreme court held that a medical report filed within a reasonable time after the filing of the petition to reopen is deemed to have accompanied the petition.

The reasons underlying the relaxation of strict procedural rules in workers' compensation cases apply equally to the administrative review level. 28 Larson, *Workmen's Compensation Law* § 77A.81 (1989). The administrative law judge has broad powers of review and may affirm, reverse, rescind, modify, or supplement the award. A.R.S. § 23–943(F). It is axiomatic that a memorandum of points and authorities supporting a request for review will generally assist the trier of fact in reaching a fair adjudication of the merits. That being the case, a liberal interpretation of the term "accompany" in A.R.S. § 23–943(A) best serves the purposes behind our workers' compensation laws. We hold, therefore, that where a memorandum of points and authorities is stated in the request for review to be forthcoming, and where it is filed within the 30 day time limit as required by § 23–942, it will be treated as having accompanied the request for review.

Petitioners' memorandum was filed within a reasonable time after the request for

review and within the statutory time limit. It therefore should have been made part of the record and considered by the administrative law judge. The decision upon review affirming the decision upon hearing and findings and award for compensable claim dated April 14, 1989, is set aside.

FERNANDEZ, C.J., and LACAGNINA, J., concur.